mine
or Court
Copy

# UNITED STATES DISTRICT

## for the DISTRICT OF NEW HAMPSHIRE

2010 Term

Summer Session

**Tony L. Ellison, Sui Juris**

Plaintiff

Vs.

**THE STATE OF NEW HAMPSHIRE et al.**

Respondents

Constitutional Tort Under The Color of Law

Pleadings of Civil and Criminal Against State Officials

42 U.S.C. § 1983

42 U.S.C. § 1985

42 U.S.C. § 1986

42 U.S.C. § 1988

Docket no.

2010 AUG 11  A 10: 3

U.S. DISTRICT COURT
DISTRICT OF N.H.
FILED

Tony L. Ellison, Sui Juris
N.H.S.P. #74882
P.O. Box 14
Concod, N.H. 03302-0014

# United States District Court
# District of New Hampshire

Tony L. Ellison, Sui Juris
       Plaintiff

      v.

Civil Action No. _____
(To be provided by Clerk's Office)

THE STATE OF NEW HAMPSHIRE et al.
      Defendant(s)

**TO BE COMPLETED BY PLAINTIFF**
(Check One Only)
( **X** ) DEMAND FOR JURY TRIAL
(  ) NO JURY TRIAL DEMAND

## *COMPLAINT UNDER THE CIVIL RIGHTS ACT, 42 U.S.C § 1983*

I.   Parties

   A. Please provide the following information for each plaintiff:

   1. Name   **Ellison**       **Tony**       **Lee**
            (Last)             (First)       (Initial)

   2. Place of Detention   **N.H. State Prison for Men / Concord, N.H.**

   3. Institutional Address   **281 N. State St., Concord, N.H. 03301**

   4. Are you incarcerated pursuant to a pretrial detention order or are you a sentenced inmate?

          ☐ Pretrial Detention Order
          ☒ Sentenced Inmate

   5. Date pretrial detention order was issued or sentence imposed   **August 22, 2001**

## B. **NAMES OF THE DEFENDANTS:**

1. Mrs. Deborah Nelson, N.H. Department of Corrections
   Exeter District Office, 8 A Continental Dr., P.O. Box 1007
   Exeter, N.H. 03833

2. Brad Bolton Esq. Prosecuting Attorney, Superior Court
   for Rockingham County, P.O. Box 1209, Kingston, N.H. 03848

3. N.H. Victims' Assistance Commission, Mark C. Thompson,
   Director of Administration, 33 Capitol St. Concord, N.H.
   03301-6397

4. N.H. Victims' Assistance Commission, Bette Jane Riordan,
   Coordinator, 33 Capitol St. Concord, N.H. 03301-6397

5. Judge Patricia Coffey, Rockingham County Superior Court,
   P.O. Box 1258, Kingston, N.H. 03848-1258

6. Judge John Lewis, Presiding Justice, Rockingham County
   Superior Court, P.O. Box 1258, Kingston, N.H. 03848-1258

7. Mr. Anthony Blenkinsop, Esq. Attorney, Office of the N.H.
   Attorney General, 33 Capitol St., Concord, N.H. 03301-6397

8. Justices Broderick, Dalianis, Duggan, Hicks, and Conboy,
   The New Hampshire Supreme Court, One Charles Doe Dr.
   Concord N.H. 03301

State of New Hampshire    ]
                          ]     ss
County of _Merrimack_)    ]


_Tony ELLISON_ _____, being first duly sworn, upon oath, presents that (s)he has read and subscribed to the foregoing complaint, and states that the information contained therein is true and correct to the best of his/her knowledge and belief.

Subscribed and sworn before me this ___8th___ day of ___aug___, 20_10_.

_Becky a. Harding_
Notary Public/Justice of the Peace

**O R**

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING INFORMATION IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND BELIEF.

_08 06 10_
DATE

_SIGNATURE_

**JURY TRIAL DEMAND**

I demand a jury trial for all claims for which a jury trial is allowed.

YES (**X**)    NO ( )
(check one only)

Date: _08 06 10_

_Signature of Plaintiff_

# **TABLE OF CONTENTS**

1. Table of Authorities          Pg. 2

2. Exhibits                      Pg. 4

3. Background                    Pg. 6

4. Allegation # 1                Pg. 12

5. Allegation # 2                Pg. 18

6. Allegation # 3                Pg. 24

7. Conclusion                    Pg. 26

# TABLE OF AUTHORITIES

1. New Hampshire Revised Statutes Annotated 21 – M:8-h I., V.

2. New Hampshire Revised Statutes Annotated 91 – A:4 III.

3. New Hampshire Revised Statutes Annotated 91 – A:4 VI.

4. New Hampshire Revised Statutes Annotated 91 – A:8 I.

5. New Hampshire Revised Statutes Annotated 541-A

6. New Hampshire Revised Statutes Annotated 541-A:1 II.

7. New Hampshire Revised Statutes Annotated 541-A:16

8. New Hampshire Revised Statutes Annotated 541-A:22 II.

9. New Hampshire Revised Statutes Annotated 568:14

10. New Hampshire Revised Statutes Annotated 568:15

11. New Hampshire Revised Statutes Annotated 607–A:3

12. New Hampshire Revised Statutes Annotated 625:10

13. New Hampshire Revised Statutes Annotated 651:62 III.

14. New Hampshire Revised Statutes Annotated 651:63 I.

15. Code of New Hampshire Rules Jus 603.03

16. Code of New Hampshire Rules Jus 604.02

17. Code of New Hampshire Rules Jus 604.07

18. Code of New Hampshire Rules Jus 605.03

19. Code of New Hampshire Rules Jus 605.04

20. United States Constitution Amendment I

21. United States Constitution Amendment V

22. United States Constitution Amendment VII

23. United States Constitution Amendment IX

24. United States Constitution Amendment XIV

25. New Hampshire Constitution, Part First, Article 1

26. New Hampshire Constitution, Part First, Article 2

27. New Hampshire Constitution, Part First, Article 8

28. New Hampshire Constitution, Part First, Article 12

29. New Hampshire Constitution, Part First, Article 14

30. New Hampshire Constitution, Part First, Article 14

31. New Hampshire Constitution, Part First, Article 15

32. New Hampshire Constitution, Part First, Article 32

33. New Hampshire Constitution, Part First, Article 35

34. State V. Stearns 130 N.H. 475, 547

35. Appeal of Nolan, 134 N.H. 723 (1991)

36. Appeal of Smithfield Dodge Inc, 145 N.H. 23

38. Pennhurst State School V. Halderman, 451 U.S. 1 (1981)

39. Asmussen v. Commissioner Department of Safety, 145 N.H. 577

# **EXHIBITS**

1.  Letter Department of Corrections, March 24, 2006

     a. Letter from Victim's Assistance Commission to Mrs. Ellison, February 23, 2001
        Re: Compensation on claims, V-00-201a, V-00-201b, V-00-201c, V-00-201d

     b. Letter from Victim's Assistance Commission to Mrs. Ellison, February 23, 2001
        Re: Compensation Claim, V-00-201a

     c. State's Objection to Department of Corrections Motion to Determine Restitution

2.  Letters from Victims Assistance Commission to Ms. Nelson of the Department of Corrections

     a. April 6, 2006, Re: Claim # V-00-201a (Nora Ellison)

     b. April 6, 2006, Re: Claim # V-00-201b (Sean Ellison)

     c. April 6, 2006, Re: Claim # V-00-201c (Catherine Ellison)

     d. April 6, 2006, Re: Claim # V-00-201d (Erin Ellison)

3.  Letter from the Department of Corrections, Ms. Nelson, to Judge Coffey, Rockingham Superior Court June 14, 2006. Re: State v. Tony Ellison, Docket No. 01-0S-0048 et al.

4.  Department of Corrections Restitution and Fee Collection Detail, June b14, 2006

5.  Itemization of the Receipts and cancelled checks provided by Mrs. Ellison to the DOC

6.  Handwritten Itemization by Ms. Nelson of the receipts and cancelled checks provided by Mrs. Ellison

     a. Sean Ellison

     b. Catherine Ellison

     c. Erin Ellison

     d. Nora Ellison

     e. Continuation of Itemization to include child care

f. Continuation of Itemization to include child care

7.     Letter to attorneys from Rockingham County Superior Court March 24 2006

8.     Court Order by Judge Coffey on June 5, 2006

9.     Letter from Rockingham County Superior Court issuing Court Order on June 21, 2006

10.    Letter from Rockingham County Superior Court to Mr. Ellison, August 9, 2006, denying his motion of Objection to the courts decision

11.    Letter from Rockingham County Superior Court to Mr. Ellison on August 25, 2006 denying Motion to reconsider

12.    Court Order October 4, 2006 Motion to clarify "Denied"

13     Court Order granting and scheduling a hearing on restitution for January 29, 2009

14.    Court Order, January 29, 2009, ordering that the State provide to the defendant all pertinent records within 30 days

15.    Court Order April 1, 2009, granting Motion to be present at In Camera Review

16.    Court Order June 12 2009, Judge, John M. Lewis

17.    Court Order July 7, 2009 Motion to reconsider, Denied

18.    Court Order, the State of New Hampshire Supreme Court, December 10, 2009, Notice of appeal declined. See Rule 7(1)(B)

19.    Court Order, the State of New Hampshire Supreme Court, February 4, 2010 Motion for Reconsideration, Denied

20.    Code of New Hampshire Rules Jus 603.03

21.    Code of New Hampshire Rules Jus 604.02

22.    Code of New Hampshire Rules Jus 604.07

23.    Code of New Hampshire Rules Jus 605.03

24.    Code of New Hampshire Rules Jus 605.04

## **Background**

1.      Under Court order 01-S-48-56 the petitioner , Tony Ellison, was ordered to pay restitution for the uninsured, out-of-pocket expenses incurred for the counseling of the victims of the crimes at bar, to a capped amount of $30,000.00.

2.      After four years in prison the Department of Corrections (DOC), started making deductions from the inmate account of the Petitioner, Tony Ellison, per the aforementioned court order.

3.      To this, the Petitioner through request slips within the N.H. State Prison Department of Corrections. Through which the Petitioner was referred to the Rockingham county Probation Office, Exeter District Office and Mrs. Deborah Nelson. To this the Petitioner sent three letters in an attempt to have the DOC , Mrs. Nelson, show verifiable substantive proofs of the alleged debt claimed by the DOC against the Petitioner.

4.      Through the failure of the DOC to provide to the Petitioner copies of all billing records, Doctor's records, Insurance claim records, proof of insurance, Dates of service, and receipts of all the uninsured costs incurred out-of-pocket. In which the Petitioner is liable per the aforementioned order.

5.      On February 28, 2006, the Petitioner then petitioned the Rockingham County Superior Court through a MOTION TO ORDER THE DEPARTMENT OF CORRECTIONS TO PROVIDE ALL RECORDS PERTAINING TO THE RESTITUTION OWED BY THE DEFENDANT.

6.      On March 24, 2006, The Superior Court for Rockingham County, Judge Coffey, issued forth the following order, ordering the DOC to provide all records pertaining to restitution to the Defendant.

7.      On March 24, 2006, the DOC, Mrs. Nelson, provided the Petitioner with records, provided

to her from the mother of the victims. Which include cancelled checks, billing records, dates of

service, as verifiable substantive proof of a debt incurred to the amount of $2118.60. The State

and The Victims Assistance Commission (VAC), failed to provide one single document to prove

the alleged debt supposedly owed to them. To which, they only provided letters stating that the

was a debt incurred to the amounts for Claim #V-00-201b, S.E., $1593.00, Claim # V-00-201c,

C.E., $2,256.80, Claim #V-00-201d, E.E., $1,525.00, and for the mother of the victims claim #V-

00-201a , $3846.50 for therapy and $5,504.79 for lost wages to a total of $9,351.29. With a total

claim that the Petitioner owed to the State, the VAC, $14,004.79. (See Ex. # 1 on Pg # 29)

8.      To this, the Petitioner challenged that the VAC failed to provide even the smallest

substance of proofs to this Petitioner. See RSA 625:10.

### RSA 625:10 Burden of proof
No person may be convicted of an offense unless each element of such offense is
proved beyond a reasonable doubt. In absence of such proof, the innocence of the
defendant is assumed.

9.      Also in the challenge was the point that the said court order is only for the Petitioner to be

liable for the uninsured counseling costs incurred by the victims of the crimes at bar, not the

mother of the victims. records that would prove said debt. See RSA 651:62 III (b), VI, RSA

651:63 I. and RSA 21-M:8-h V. See State v. McCarthy, 150 N.H. 389.

### RSA 651:62 Definitions
III. "Economic loss" means out-of-pocket losses other than expenses incurred as a direct
result of a criminal offense including;
(b) Loss of income by the victim or the victim's dependants;
VI. "Victim" means a person or claimant who suffered economic loss as a result of an
offender's criminal conduct ....

### RSA 651:63 Restitution Authorized
I. ...restitution is not intended to compensate the victim more than once for the same
injury.

### RSA 21-M:8-h  V.
V. ...No reimbursement shall be paid unless claimant has incurred reimbursable
expenses...

7

10. To this the Superior Court of Rockingham County, Judge Coffey, in the Court Order, dated June 5, 2006 recognized that the DOC had improperly charged the Petitioner with restitution for the mother of the victims and her lost wages. Again through this court order, Judge Coffey states, **"This court orders the DOC to provide to the Defendant and the Court with a comprehensive accounting of his current liability in restitution for his victims' counseling costs, including billing records and amounts already paid by the Defendant."**

11. To date the Petitioner has not received a comprehensive accounting of the alleged debt owed to the VAC. To include but not limited to, billing records, dates of service, verification of insurance, etc.

12. For on June 14, 2006, the DOC only provided receipts and dates of service from the mother and none from the VAC. For the VAC only provided a letter with the statement that there was a debt incurred with not substantive proof.

13. To this the Petitioner rebutted with, "If the State and the VAC can make the Statement, through a typed letter, with no verifiable proof that there is a debt incurred, then under the same constitutional standards the Petitioner can also type out a letter stating that the debt has been paid in full without substantive proof."

14. According to the DOC, Mrs. Nelson in a letter to Judge Coffey on June 14, 2006 she states "My most recent calculation on this case is that the Petitioner owes $5374.80 to the VAC for counseling fees that they covered; and $2947.70 to Nora Fortin, the mother of the victims, for out-of-pocket counseling expenses to date. This will reduce Mr. Ellison's current obligation to $8322.50 plus 17% (1414.83) for a total of $9737.33."

15. To, this the, Petitioner Objected to this total through Pleading and Motions, but was **denied.** Even though the State of N.H., the DOC, and the VAC failed to give verifiable substantive proof of a debt incurred. Through these actions there has been a failure of this

8

petitioner's Constitutional rights as enumerated within the Constitution of these United States, Articles I, V, VII, IX, and XIV, and the Constitution for the State of New Hampshire, Part First, Articles 1, 2, 8, 12, 14, 15, 32, and 35, and the laws of the State of New Hampshire. To which State of New Hampshire has failed miserably to treat the Petitioner with the Equal Protection and Fundamental fairness under the Law that are his God given rights under our Constitutions.

16.     "Federal Government has a responsibility to provide equal protection under the law to all
        citizens." Pennhurst State School V. Halderman, 451 U.S. 1 (1981)

        On August 18, 2006 a Pleading of Reconsideration was entered into the record and was promptly denied on August 25, 2006.

17.     Shortly after this, restitution payments had stopped being, deducted from the Petitioner's inmate account. To this the Petitioner consulted counsel to appeal Judges, decision and was told, by counsel, "That since there was no current injury, restitution being taken, that there was not an issue to appeal".

18.     Then the N.H. State Prison, DOC, reinstated the removal of restitution payments from the Petitioner's prison inmate account. To this, the Petitioner wanted to be rid of the current balance of the restitution accrued to date. So he petitioned the court on September 2, 2008 in a MOTION TO VERIFY RESTITUTION RECEIPTS: With the intent to pay off the current balance of restitution amount in full.

19.     Upon this, the Court scheduled a Hearing scheduled for January 29, 2009 at Rockingham Superior Court.

20.     At, Said Hearing the presiding Justice, Judge Lewis J., issued forth the following Order;

        **"After hearing, and in connection with the Defendant's motion for a hearing to verify restitution receipts, the State shall provide to the Defendant copies of the pertinent receipts within 30 days."**

9

21.     On, April 1, 2009 the court issued forth an order to grant the Motion for Clarification and stated, **"Records to be provided for In Camera Review."**

22.     So on April 7, 2009 the Petitioner petitioned through a <u>Motion to be present at the In Camera Review</u> to be present at the reviewal of the records in question. And to formally object To the State's and the VAC's failure to provide the pertinent records within the 30 days of the Court Order issued on January 29, 2009 by this same Justice.

23.     Which was, granted and a Hearing was, scheduled for June 12, 2009. To which the Petitioner was, transported from the N.H. State Prison to Rockingham Superior courthouse for this In Camera Review of the pertinent records at the State's expense.

24.     At said hearing the petitioner was not presented with one single Receipt, Billing record, or Date of service, for the counseling of the victims of the crimes at bar!

25.     At said hearing on June 12, 2009, Judge Lewis, **denies** to review, on the record, any of the pertinent records **allegedly** provided by the VAC or allow the Petitioner to even to see the records pertaining to the restitution amounts and seals the record without further review and grants no further relief. Thus in the Court Order dated June 12, 2009, Judge Lewis, **denies** Motion for a Hearing to verify Restitution receipts, and **Denies** the Defendant's Motion to be present for the In Camera Review, even though the Sate of N.H. transported the Petitioner from the Prison to the Rockingham County Court to be present at said hearing.

26.     Thus, concluding that the amounts of restitution are to stay in place even though there was no evidence presented at said hearing.

27.     On, June 15, 2009 the Petitioner petitioned the court through a Motion for Reconsideration, which was denied on July 24, 2009.

28.     On, August 18, 2009 the Petitioner petitioned the N.H. Supreme Court through a Rule 7 Discretionary Appeal, to appeal the decision from the lower courts. On December 10, 2009 this court issued forth the following order; Notice of Appeal <u>Declined,</u> see Rule 7 (1)(B). Due to the

10

Messenger Service that the State of N.H. uses the Petitioner did not receive this decision until December 16, 2009. The Petitioner according to court rules had 10 days to submit a <u>Pleading of Reconsideration</u>. To which he complied by sending in his Pleading for Reconsideration on December 22, 2009, again to the detriment of the messenger service the court did not receive this until December 28, 2009. To which the Court state that the <u>Motion to Reconsider</u>, was **Untimely Filed** after the 10 days allotted were exhausted. On January 8, 2010, the Petitioner rebutted this decision with a letter of explanation and Memorandum of Law.

29.    On, March 12, 2010 the Petitioner received from the Supreme Court of New Hampshire a Court Order **Denying** the Petitioner's Motion to Reconsider.

## ALLEGATION #1

30.     Whether, The State of New Hampshire failed this Petitioner's Constitutional rights, when

The State of New Hampshire failed to assert Equal protection and Fundamental Fairness Under

the Law, by failing to provide to the Petitioner substantive proof, i.e. Billing records, Dates of

Service, Doctor's records, Cancelled checks, etc., to verify that there has been a debt incurred, to

which the Petitioner is liable to, within Restitution Order 01-S-48-56?


31.     Where the Petitioner, an inhabitant of the State of New Hampshire, which has made

extensive formal attempts to procure, from the State of New Hampshire, the Victim's Assistance

Commission (VAC), the Department of Corrections (DOC), and the Courts of the State of New

Hampshire i.e. the Superior Court for Rockingham County and the Supreme Court of New

Hampshire. With the demand for the state to provide to the Petitioner substantive proofs, i.e.

Billing Records, Dates of Service, Invoices, Cancelled Checks, Doctor's Records, etc.

32.     To date the State of New Hampshire has only provided to the Petitioner one package from

the DOC, Mrs. Deborah Nelson, which only provided substantive proof of evidence to the amount

of $2118.60 for the counseling costs incurred, for the victims, as a result of the crimes at bar, per

Court Order 01-S-48-56. The DOC, Mrs. Nelson, also provided several letters from the VAC

claiming that there was debt incurred by the VAC for the counseling of the victims, but failed to

include proof thereof, i.e. Billing Records, Dates of Service, Invoices, Doctors Records,

Cancelled Checks, etc. (See Ex# 2a-d, 5a-b, 6a-f on Pg# 35, 42, 44)

33.     Even though the Courts of New Hampshire have formally ordered such on two separate

occasions, first issued on, **June 5, 2006,** by the Superior Court for Rockingham County, the

Honorable Judge Coffey presiding.


12

**34.** "This Court Orders the Department of Corrections to provide to the <u>Defendant</u> and the Court with a comprehensive accounting of his current liability in restitution for his victims' counseling costs, <u>including billing records,</u> and amounts <u>already paid</u> by the Defendant." (Emphasis added)   (See Ex. # 8 on Pg. # 51)

**35.** The second Court Order was issued on, January 29, 2009, by the Superior Court of Rockingham County, by the Honorable Judge Lewis J., Presiding.

**36.** "After hearing, and in connection with the Defendants Motion for a Hearing to verify Restitution Receipts, the State <u>shall provide to the Defendant</u> copies of the pertinent receipts within <u>30 days</u>." (Emphasis added) (See Ex. # 14 on Pg. # 58)

37. Which would comply with the standards set forth within, the Constitution for the State of New Hampshire, Part First, Article 8 and the laws of the State of New Hampshire.

38. <u>Article 8</u>: "…the public's right of access to governmental proceedings, and records shall not be unreasonably restricted."

39. Which are enumerated within the laws of the State of New Hampshire, See RSA 21-M:8 h V., RSA 91-A:4 III. VI., RSA 91-A:8 I., RSA 568:14, RSA 568:15, RSA 625:10, RSA 651:62 III., RSA 651:63 I., Jus 603.03, Jus 604.02, Jus 605.03, Jus 605.04.

40. For the main reasoning for this hearing was for the Petitioner to receive proof that he was in fact not paying for the same services twice as enumerated within RSA 651:63 I.,

"…restitution is not intended to compensate the victim more than once for the same injury…"

41. For it is demanded by RSA 91-A:4  III., and VI. That each body or agency shall keep and maintain all public records and shall upon request make available said records for inspection and copying. To which failure to do so is a punishable offense as mandated within RSA 91 A:8 I..

42. For where even though the Petitioner is a convicted felon and is currently serving his sentence at the N.H. State Prison for Men / Concord. This does not separate the Petitioner from the rights enumerated within the Constitution for these United States, Amendments I, V, VII,

13

VIII, IX, XIV, or the Constitution for the State of New Hampshire, Part First, Articles 1, 2, 8, 14, 15, 18, 32, 33, and 35. Nor does it remove these demands for Equal Protection and Fundamental fairness under the law contained within the Bill of Rights. See RSA 607-A:3.

43.   **RSA 607-A:3** "Except as otherwise provided by this chapter or by the Constitution of this state, a person convicted of a crime does not suffer civil death or corruption of blood or sustain loss of civil rights or forfeiture of estate or property, but retains all of his civil rights, political, personal, civil and otherwise…."

- Equal protection violation occurs when the government treats someone differently than another similarly situated.

- Equal protection clause prohibits government officials from selectively applying the law in a discriminatory way.

- The Equal protection Clause essentially requires that all citizens similarly situated be treated alike.

"We live under a constitution that proclaims equal protection of the laws. That standard is our guide. Griffin V. Illinois, 351 U.S. 12

"If there is any one purpose of the Fourteenth Amendment that is wholly outside the realm of doubt, it is that the Amendment was designed to bar states from denying to some groups, on account of their race or color, any rights, privileges, and opportunities accorded to other groups." Oyama V. California, 332 U.S. 633, 649

44.   For where the Mother of the victims has provided to date, Doctors Records, Invoices, Dates of Service, and cancelled checks as evidence for the counseling of the victims of the crimes at bar to the DOC and the DOC has forwarded them to the Petitioner. Then this would bring into question why the VAC, has chosen not to provide to the Petitioner a full accounting of substantive proofs of the alleged debt owed to the VAC.

45.   Where there is an obligation to do so under the 14th Amendment of equal protection and fundamental fairness under the law. Where the VAC demands proof of a debt incurred, under the Code of New Hampshire Rules. See Jus 603.03 Application Process, Jus 604.02, Jus 605.03, and Jus 605.04. (See Ex. # 24, 25, 26, and 27 on Pg. # 69 – 76)

46.   **Jus 605.04** Mental Heath Expenses Awards

14

(a) The commission shall consider and evaluate requests for compensation for mental health expenses if the underlying facts of the claim meet the requirements of Jus 605.01 and none of the circumstances resulting in ineligibility described in Jus 605.02 applies.

(b) Where a claimant submitting a request for compensation for or payment of medical or mental health expenses shall submit the following information and documentation to support the request:

(1) The name and address of each licensed mental health provider who provided crime-related treatment as identified on any bills or invoices received for such treatment;

(2) A completed Insurance and Collateral Finance Source form as described in Jus 604.03;

(4) An authorization for the release of mental health and related billing information that complies with all applicable federal requirements for each provider;

(d)The following kinds of expenses shall be eligible for compensation under the category of mental health expenses:

(1) The actual cost of treatment, whether individual, group, or both, provided by a licensed mental health personnel, after first applying any available insurance or other available collateral finance source, for mental health issues that were directly caused by the crime;

(2) The portion of the cost for which the claimant is responsible, including co-pays, of all prescription medications prescribed to treat the victim's mental health issues that were directly caused by the crime;

47.     Where in the records, provided by the Mother of the victims, there are specific dates of service for each of the victims' counseling sessions over a one-year time period in 2001 with a follow-up in may 2002, and the counseling stops. (See Ex. # 6 a-f on Pg. # 44)

48.     But, where the VAC claims to have paid out counseling costs over the <u>same period of time</u>. This would bring into question the integrity of the VAC and the DOC. For under,

49.     <u>RSA 651:63 I.</u>

"An offender may be sentenced to make restitution in an amount determined by the court… **However, restitution is not to compensate the victim more than once for the same injury….**" (Emphasis added)

15

50.     So by these laws and the Code of New Hampshire Rules under Chapter 600 Victims

Compensation, to which the VAC have adopted as administrative rules by which Victims

Assistance Commission is administered by. As demanded within, RSA Chapter 541

Administrative Procedure Act.

51.     An administrative agency may not undertake ad hoc rule making, but must comply with
        this chapter if its rules are to have effect. Appeal of Nolan, 134 N.H. 723 (1991)

52.     N.H. Administrative Procedure Act requires an administrative agency to follow its own
        rules. Appeal of Smithfield Dodge Inc., 145 N.H. 23

53.     Thus under both our Constitutions there is a demand that there must be Equal Protection

and Fundamental Fairness under the law. For if the VAC should demand detailed proof of a debt

incurred and dates of service and a comprehensive listing of the doctors who administered care to

the victims and to prove that the claimant is not trying to be compensated more that once for the

same injury.

54.     Thus under the law and the Constitutions the VAC must provide to the Petitioner the

**Equal Opportunity** to view all pertinent records and dates of service pertaining to said

Restitution Order.

55.     Since the Petitioner is the Natural biological Father of the victims, and has not forfeited,

nor had taken away, his parental rights. The Petitioner should have the same rights as the State of

New Hampshire to view any and all proofs that an alleged debt has in fact been incurred. To

which the petitioner maintains all such pertinent parental rights to view such records. To see that

his children are in fact getting the proper counseling needed to overcome the hurt that has been

done, to them.

56.     By this failure of the VAC and the DOC to provide, to this Petitioner, such Substantive

proof of debt, i.e., Billing records, Dates of service, Doctors records, etc. Would give the

16

appearance that there are **no such records available**, to prove beyond a reasonable doubt that the petitioner is not paying twice for the same services rendered to the victims. Thus, giving the appearance of prejudice, due to the nature of the crimes at bar. With the State of New Hampshire's appearance of the intent to commit fraud, conspiracy to commit fraud, theft, theft by deception, and theft by extortion, with their flagrant denial of the constitutional rights of the Petitioner, Tony Ellison.

57.     By these actions would bring into question the Honor and Integrity of The State of New Hampshire, The Victims Assistance Commission, The Department of Corrections, and the Courts of the State of New Hampshire, and this should be considered an **Admission of Guilt**

## ALLEGATION #2

58.     Whether the State of New Hampshire, i.e. The N.H. Department of corrections, Mrs.

Deborah Nelson, The Superior Court for Rockingham County, Judge Coffey, Judge Lewis J., Mr.

Brad Bolton, Esq., The N.H. Attorney General's Office, Mr. Anthony I. Blenkinsop, Esq., The

Supreme Court for the State of new Hampshire, Justices Broderick, C.J., Dalianis, Duggan, and

Conboy, J.J., and the N.H. Victims Assistance Commission, did knowingly and intentionally

conspired to commit fraud by failing to present substantive proofs to the alleged claimed debt by

charging the Petitioner, Tony Ellison, to an unsubstantiated debt of $9737.33?


59.     On March 24, 2006, after being prompted by the Petitioner, Mr. Tony Ellison, was

provided with a letter from, Mrs. Deborah Nelson of the Department of Corrections (DOC)

claiming that a balance of $14,004.79 was owed by the Petitioner for restitution. To which the

Petitioner promptly challenged due to lack of evidence. (See Ex. # 1 on Pg. # 29)

60.     After being ordered by the court, on June 5, 2006, Mrs. Nelson of the DOC provided to

the Petitioner minimal proofs of the alleged debt incurred where the mother of the victims

provided cancelled checks, billing records, invoices, Dates of service, etc., which established

substantive proof to the amount of $2118.60. (See Ex. # 5 a-b, 6 a-f on Pg. # 44) Also contained

within the evidence presented to the court, was a letter dated, February 23, 2001 from the Victims

Assistance Commission (VAC) to the mother of the victims. (See Ex. # 1a on Pg. # 30) To which,

the VAC states that Mrs. Ellison can expect a reimbursement for the out-of-pocket expenses for

services provided between October 25, 2000 and August 31, 2001 to the amounts of $2000.00 on

Claim #V-00-201a Nora Ellison , $2000.00 on Claim #V-00-201b S.E., $2000.00 on Claim #V-

00-201c C.E., and $2000.00 on Claim #V-00-201d E.E. Where the dates of service provided

within this letter cover the same period as the records and receipts of the Mother has provided.

18

Thus, giving the appearance that the VAC paid theses expenses directly to the Mother through a direct payment.

61.     But, contained within the April 6, 2006 letters, to Mrs. Nelson, which were provided to the Petitioner there is a direct conflict. For within said letters the VAC claims to have paid all counseling costs directly to the Mental Health care providers of claim number and the amounts of to, claim #V-00-201b S.E. $1593.00, claim #V-00-201c C.E. $2256.80, claim #V-00-201d E.E. $1525.00. (See Ex. # 2 a-d on Pg. # 35)

62.     By these statements, it would give the appearance of fraud with the intent to have the petitioner pay twice for the same services rendered without proof thereof. See RSA 651:63 I.

> **"...restitution is not intended to compensate the victim more than once for the same injury..."**

63.     After, numerous attempts, by the Petitioner, to procure such copies of the pertinent records of proof, for the alleged debt claimed. The VAC, the DOC and the Courts of N.H. have failed to provide to the Petitioner any substantive proof of a debt incurred beyond that of the records provide by the Mother of the victims to the DOC and forwarded to the Petitioner to the amount of $2118.60.(See Ex. # 5 a-b, 6 a-f on Pg. # 42 -49)

64.     To which, the State of New Hampshire has failed to protect this Petitioner's Constitutional Rights of Equal Protection and Fundamental Fairness Under the Law with impartially, where there is a Constitutional obligation for them to do so, under the Bill of Rights of the Constitution of these United States, Articles I, V, VII, IX, and XIV, and the Constitution for the State of New Hampshire, Part First, Articles, 1, 2, 8, 14, 15, 18, 33, and 35.

65.     **Article 35;**

                "It is essential to the preservation of the rights of every individual, his life, liberty,

19

Property, and character, that there should be an impartial interpretation of the laws, and administration of justice. It is the right of every citizen to be tried by judges as impartial as the lot of humanity will admit....."

66. As mandated by the oath of Office enumerated within the constitution for the State of New Hampshire, Part Second, Article, 84 and required by the laws of the State of New Hampshire in RSA 92:2.

67. Then, the question presented before this court is. Whether the VAC and the DOC are acting knowingly and intentionally with the intent to commit fraud in order to extort money from a discriminated against class of people, Sex Offenders, by failing to present substantive proofs to their alleged claimed debts incurred, where there is an obligation by law and Constitutional Right to do so? (See, Constitution for the United States of America Amendment 14 "...nor deny to any person within its jurisdiction the equal protection of the laws".)

68. Where the VAC is a "Public Body" or "Agency" as defined in RSA 541-A:1 II. "Agency means each state board, commission, department, institution, officer, or any other state official or group, other than the legislature or the courts, authorized by law to make rules or to determine contested cases."

69. Where the VAC has adopted and promulgated rules implementing conformity procedures, of which RSA 541-A:1 XV, requires that these procedures must be enacted as administrative rules to be enforceable as they will be binding on persons outside the agency.

70. RSA 541 – A:22 "Rules shall be valid and binding on persons they affect, and shall have force of law unless amended or revised... "Except as provided by RSA 541-A:13, VI. "Rules shall be prima facie evidence of proper interpretation of the matter they refer to."

71. RSA 541 – A:16 I. "In addition to other rulemaking requirements imposed by law, each agency shall. (a) Adopt as a rule a description of its organization, stating the general course and method of its operations and methods by which the public may obtain information ... (emphasis added) (b) Adopt rules of practice setting forth the nature and requirement of all formal and informal procedures available."

20

72.     "An Administrative Agency may not undertake ad hoc rulemaking, but must comply with this chapter if its rules are to have effect."
<u>Appeal of Nolan</u>, 134 N.H. 723 (1991)

73.         "Where an agency's effort to direct a quasi-judicial officer's interpretation of law or policy effect substantive changes binding persons outside agency, or agency's policy constitutes a 'rule' that must be promulgated pursuant to Administrative Procedures Act."
<u>Asmussen v. Commissioner Department of Safety</u>, 145 N.H. 577

74.     To which the VAC have adopted and promulgated administrative procedures under the

<u>N.H. Code of Rules</u>, Chapter 600 Victims Compensation.

        "New Hampshire Administrative Procedures Act, requires an administrative agency to follow its own rules"
<u>Appeal of Smithfield Dodge</u>, 145 N.H. 23

75.     Which are very specific in their demand for an application process under Jus 603.03, for

the eligibility of crime and the monetary damages thereof as a direct result of said crime, as

demanded and required in Jus 604.02, acknowledgement of receipt of claim and request for more

information? (See Ex. # 21 on Pg. # 67)

76.     Whereas Jus 604.02, Jus 605.03, and Jus 605.04 require substantive proof as to the

underlying facts of the claim to meet the requirements of Jus 605.01 and none of the

circumstances resulting in eligibility described in Jus 605.02.

77.     For where there is a demand within the N.H. Code of Rules, see Jus 605.03 and Jus

605.04. (See Ex. # 23 and 24 on Pg. # 71 - 76)

    **Jus 605.04** Mental Heath Expenses Awards;
        (a) The commission shall consider and evaluate requests for compensation for mental
        health expenses if the underlying facts of the claim meet the requirements of Jus 605.01
        and none of the circumstances resulting in ineligibility described in Jus 605.02 applies.
        (b) Where a claimant submitting a request for compensation for or payment of medical
        or mental health expenses shall submit the following information and documentation to
        support the request:

(1) The name and address of each licensed mental health provider who provided crime-related treatment as identified on any bills or invoices received for such treatment;

(2) A completed Insurance and Collateral Finance Source form as described in Jus 604.03;

(4) An authorization for the release of mental health and related billing information that complies with all applicable federal requirements for each provider;

(d)The following kinds of expenses shall be eligible for compensation under the category of mental health expenses:

(1) The actual cost of treatment, whether individual, group, or both, provided by a licensed mental health personnel, after first applying any available insurance or other available collateral finance source, for mental health issues that were directly caused by the crime;

(2) The portion of the cost for which the claimant is responsible, including co-pays, of all prescription medications prescribed to treat the victim's mental health issues that were directly caused by the crime;

78.     Where the VAC make the claim, in the April 6, 2006 letters sent to Ms. Nelson, of the DOC, that the VAC "**paid directly to the Therapist**" on claim numbers and to the amounts of to, claim #V-00-201b S.E. $1593.00, claim #V-00-201c C.E. $2256.80, claim #V-00-201d E.E. $1525.00.(See Ex. # 2 a-d on Pg. # 35). But, this is contradicted by the VAC's letter to Mrs. Nora Ellison on, February 23, 2001. Which, the VAC states that, "**Mrs. Ellison can expect a reimbursement for the out-of-pocket expenses and for services provided between October 25, 2000 August 31, 2001**" to the amounts of $2000.00 on  Claim #V-00-201a Nora Ellison , $2000.00 on Claim #V-00-201b S.E., $2000.00 on Claim #V-00-201c C.E., and $2000.00 on Claim #V-00-201d E.E.(See Ex. #1 a-b on Pg. #30)

79.     Then, which these statements are true? Did the VAC pay directly to the Therapist or did they pay directly to the mother of the victim for her out-of-pocket expenses, and for which dates of service.

80.    Thus, how does the VAC substantiate an alleged debt of, $8322.50 plus 17%

Administration fee of ($1414.83) for a total of $9737.33?  (See Ex. # 3 on Pg. # 39) On the other-

hand is it the $14,004.79 as claimed on March 24, 2006? (See Ex. # 1 on Pg. # 29) Or is it

$17,629.00 amount ordered with a balance owed of $20545.93 according to the State of new

Hampshire Department of Corrections Restitution and fee detail?  (See Ex. # 4   on Pg. # 41).

# ALLEGATION #3

81.     Whether, the State of New Hampshire, the Victims Assistance Commission, and the Department of Corrections, have knowingly and intentionally acted under the Color of law, to extort money, through the acts of Theft by Deception and Theft by Extortion, by taking money from the Petitioner's inmate account?

82.     The Department of Corrections (DOC) has been taking money from the Petitioner's Inmate Account, under the guise of, Court Ordered Restitution Order. To the amount of 10% of every Dollar, that enters the Petitioner's Inmate account. To this account the petitioner does not have power nor control over what moneys can be deducted, when they can be deducted, or the power to stop such deductions as the DOC have been removing from said account without the Petitioner's permission. The Petitioner does not even have the power as to say when money is to be, deposited into his account. The DOC has full control over the Petitioner's Money in his Inmate Account. To which, the DOC can delay money entering the account or take money out at will without even consulting the Petitioner for permission.

83.     Where by the acts of the Victims Assistance Commission (VAC) and their failure to provide the pertinent documentation to prove beyond a reasonable doubt that there is in fact a debt. This would give the Appearance of Fraud with the intent to **exhort** money, through Theft and Theft by Deception of the courts.

84.     Where the Petitioner has on several occasions attempted without success to obtain such proofs that would verify said alleged debt the State of New Hampshire has thwarted the Petitioner at every turn. The DOC, VAC, and the State of New Hampshire claim that the Petitioner does not have such Rights, as to see such documentation of proof of a debt owed.  Giving the appearance

24

that the State through the intentional denial of this Petitioner's Constitutional rights, of the

Fourteenth Amendment, of the U.S. Constitution. Even though, the DOC, VAC, and the State of

New Hampshire, have been "Court Ordered" twice to produce to the Petitioner such pertinent

documentation. (See Ex. # 8 on Pg. # 51) Where there was given a thirty, (30), day time limit on

January 29, 2009, (See Ex. # 14 on Pg. # 58) to furnish the Petitioner with all pertinent receipts.

To this, the State has ignored said Court Orders and the Courts have not enforced said Court

Orders.

85.    Thus, by the actions of taking money from the Petitioner, without his permission, would

give the appearance of theft. Giving the appearance of Theft without proof, through the

manipulation of the Courts, would give the Appearance of theft through Deception, and Theft by

Extortion, with intent for personal gain. Through the discrimination of a particular class of

people, i.e. Sex offenders.

86.    "We live under a constitution that proclaims equal protection of the laws.
       That standard is our guide. Griffin V. Illinois, 351 U.S. 12

87.    "If there is any one purpose of the Fourteenth Amendment that is wholly outside the
       realm of doubt, it is that the Amendment was designed to bar states from denying to some
       groups, on account of their race or color, any rights, privileges, and opportunities accorded
       to other groups."  Oyama V. California, 332 U.S. 633, 649

88.    For the collection of a debt without proof is a failure of New Hampshire State law **RSA**

**568:14.**

## CONCLUSION

89.     In conclusion, where the State, the Department of Corrections, the Victims Assistance Commission, and the Court's of the State of New Hampshire, have failed the petitioner by failing to provide verifiable proof debt, but continue to remove money from this Petitioner's account is a failure of this Petitioner's Constitutional rights of equal protection and fundamental fairness under the law. For where the State of New Hampshire demands through its own Code of New Hampshire Rules substantive verifiable proof that a debt has been incurred, but fails to allow the Petitioner this same privilege is a failure of the Petitioner's First, Fifth, and Fourteenth Amendments of the Constitution for these United States of America. Also failing the Constitution of the State of New Hampshire, Part First, Articles 1, 2, 8, 14, 15, 32, 33, and 35.

90.     Thus, there is a question of violation of the law? Where the State of New Hampshire has acted knowingly, intelligently, intentionally and discriminatorily to deprive the Petitioner from physically seeing verifiable proof of a debt, allegedly incurred and charging him with said alleged debt without proof.

91.     This would appear to be a violation of 18 U.S.C. 241 "Conspiracy against the Rights of a Sovereign Human Being", 18 U.S.C. 242 "Deprivation of Rights under the 'Color of Law'". Also the appearance of a violation of New Hampshire State Laws, RSA 637:3 "Theft by unauthorized taking", RSA 637:4 "Theft by deception", RSA 637:5 "Theft by Extortion", and RSA 637:5 (II), (g) "Withhold of official action where there was a duty to do so".

92.     By these actions, it would also appear that these State Officials have failed their Oaths of Office, as enumerated within the Constitution for the State of New Hampshire, Part Second, Article, 84. Where each have sworn to an oath to this State and to its Sovereign Inhabitants, to faithfully and impartially discharge and perform all duties agreeably to the rules and regulations of this Constitution and laws of the State of New Hampshire.

Wherefore, under the eyes of the Almighty God this Petitioner prays that this Honorable Court moves as follows:

a. Orders, the State of New Hampshire, to give to the Petitioner a full accounting of substantive proof of debt allegedly incurred.

b. Order the State of New Hampshire to void said Restitution amount, until such time, as the debt has been substantiated beyond a reasonable doubt.

c. Repay to the Petitioner all costs incurred to this Suit at Law.

d. Grant the Petitioner limited counsel.

e. Grant any such relief that is just and fair.

Respectfully Submitted,

Tony Ellison, Sui Juris

"Without Prejudice", UCC 1-103,

UCC 1-207, UCC 1-308





# STATE OF NEW HAMPSHIRE

## DEPARTMENT OF CORRECTIONS

## DIVISION OF FIELD SERVICES

**William Wrenn**
Commissioner

**Michael McAlister**
Acting Director

### EXETER DISTRICT OFFICE

8A CONTINENTAL DRIVE
PO Box 1007
Exeter, NH 03833
603-772-4730  FAX: 603-772-4763
TDD Access:  1-800-735-2964

March 24, 2006

Tony Ellison #31925
New Hampshire State Prison
PO Box 14
Concord, New Hampshire 03302

RE:    Rockingham Superior Court
       Docket No.  01-S-00048-56

Dear Mr. Ellison,

Enclosed are copies of documents from Victims' Assistance regarding their award for the victims' expenses related to this matter.   Any restitution paid will be reimbursed to this fund as indicated in the letters.   These documents (dated previous to your conviction) show a balance then of $14,004.79.

These documents were just forwarded from the state today.  As other documents are received, copies will be forwarded to you.

Respectfully,

Deborah Nelson,
Case Technician

cc    Offender Records
      County Attorney
      Superior Court/attachments
      File

Promoting Public Safety Through Integrity, Respect, Professionalism

*Ex 1a*

# ATTORNEY GENERAL
## STATE OF NEW HAMPSHIRE
### 33 CAPITOL STREET
### CONCORD, NEW HAMPSHIRE 03301-6397



PHILIP T MCLAUGHLIN
ATTORNEY GENERAL

STEVEN M HOURAN
DEPUTY ATTORNEY GENERAL

February 23, 2001

Ms. Nora Ellison

Re: Your Compensation Claim, V-00-201a
  Compensation Claim of Sean Ellison, V-00-201b
  Compensation Claim of Catherine Ellison, V-00-201c
  Compensation Claim of Erin Ellison, V-00-201d

Dear Ms. Ellison.

At the regular meeting of the Victims' Assistance Commission ("the Commission") held on February 16, 2000, the claims for you and your children were presented to the Commission. It was decided to award each claim's crime-related expenses as follows:

**V-00-201a**
- $2,000 for out-of-pocket therapy expenses for services provided by Pamela Bruning, LICSW, BCD between October 25, 2000 and August 31, 2001;
- $500 for out-of-pocket medication and medication management services which are currently being provided by Dr. John Sheffield of Exeter Family Medicine;

**V-00-201b**
- $2,000 for out-of-pocket therapy expenses for services provided by Pamela Bruning, LICSW, BCD between October 25, 2000 and August 31, 2001;

**V-00-201c**
- $2,000 for out-of-pocket therapy expenses for services provided by Sheryl Kaminan, Psy D between January 6 and August 31, 2001; and

**V-00-201d**
- $2,000 for out-of-pocket therapy expenses for services provided by Sheryl Kaminan, Psy D. between January 6 and August 31, 2001;

-Ex Psych. Assoc

$8000 VAC

Ms. Nora Ellison
February 23, 2001
Page 2 of 2

Unfortunately, your claim for lost wages and overtime lost wages has been denied. Pursuant to
Administrative Rule Jus 603.02(e) "No award shall be made to compensate loss of paid leave.

    Should you wish to request reconsideration of the decision to deny your lost wages, you
may submit a written petition for reconsideration no later than 14 days from the date of this letter.
The petition may be served in person or by mail to the Commission. If you choose to request
reconsideration, it is suggested that you include additional evidence supporting your request for
reconsideration. The Commission will make a decision on the petition no later than 30 days of
the date of its review.

    Within the next few weeks you will receive reimbursement for your out-of-pocket therapy
and medication management expenses. Additional reimbursement will be requested upon receipt
of additional insurance explanations of benefits, bills from providers or receipts for co-pays.
Should you have a change of address, please provide immediate notification, as checks issued by
the State of New Hampshire Treasury Department cannot be forwarded.

    Under NH Revised Statutes Annotated 21-M:8-h, V, you are obligated to reimburse the
NH Victims' Assistance Fund if you receive any additional payments or assistance in the future
from any other source with regard to your victimization. For example, if the perpetrator was/is
ordered to pay you restitution, you receive an insurance settlement or you secure a civil suit
judgment as a direct result of the victimization, you will need to reimburse the fund when you
begin receiving these monies.

    It is the Commission's wish that you and your children recover from the trauma suffered.
If you have questions on this claim or you require additional services, please do not hesitate to call
the Coordinator, Kimberly Therrien, at 1-800-300-4500 (in NH only) or (603) 271-1284. In
making any inquiries, please refer to the claim number.

                                        Sincerely, for the
                                        NH Victims' Assistance Commission


                                        Mark C. Thompson
                                        Director of Administration

MCT/kbt
cc:     Rockingham County Victim/Witness Advocate Program
        Sheryl Kamman, Psy.D.
        Pamela Bruning, LICSW, BCD
        Dr John Sheffield, Exeter Family Medicine



$E \times / b$

# --- ATTORNEY GENERAL ---
## STATE OF NEW HAMPSHIRE

33 CAPITOL STREET
CONCORD, NEW HAMPSHIRE 03301-6397

PHILIP T. McLAUGHLIN
ATTORNEY GENERAL

STEVEN M. HOURAN
DEPUTY ATTORNEY GENERAL

March 26, 2001

Ms. Nora Ellison


Re: Your Compensation Claim, V-00-201a

Dear Ms. Ellison:

At the regular meeting of the Victims' Assistance Commission ("the Commission") held on March 23, 2001, your appeal was presented for reconsideration. Thank you for taking time out of your busy schedule to attend this meeting of the Commission. It was very helpful to have you available to answer questions and present your request. It was decided to award your lost wages in full as calculated on the enclosed sheet.

Within the next two weeks you will receive a check in the amount of $5,504.79 for you're lost wages. Should you have a change of address, please provide immediate notification, as checks issued by the State of New Hampshire Treasury Department cannot be forwarded.

As you are already aware, under NH Revised Statutes Annotated 21-M:8-h, V, you are obligated to reimburse the NH Victims' Assistance Fund if you receive any additional payments or assistance in the future from any other source with regard to your victimization. For example, if the perpetrator was/is ordered to pay you restitution, you receive an insurance settlement or you secure a civil suit judgment as a direct result of the victimization, you will need to reimburse the fund when you begin receiving these monies.

It is the Commission's wish that you and your children recover from the trauma suffered. If you have questions on this claim or you require additional services, please do not hesitate to call the Coordinator, Kimberly Therrien, at 1-800-300-4500 (in NH only) or (603) 271-1284. In making any inquiries, please refer to the claim number.

Sincerely, for the
NH Victims' Assistance Commission

Mark C. Thompson
Director of Administration

MCT/kbt
cc:    Mrs Stephanie Meyer, Rockingham County Victim/Witness Advocate Program

Telephone 603-271-3658   •   FAX 603-271-2110   •   TDD Access: Relay NH 1-800-735-2964

*Ex 1c*

THE STATE OF NEW HAMPSHIRE

ROCKINGHAM, SS                                    SUPERIOR COURT

01-S-48 et al



THE STATE OF NEW HAMPSHIRE

V.                                    SEP 2 1 2001

TONY ELLISON

## STATE'S OBJECTION TO DEPARTMENT OF CORRECTIONS MOTION TO DETERMINE RESTITUTION

Now comes the State of New Hampshire, by and through the Office of the Rockingham County Attorney, and hereby says as follows:

1. The defendant pled guilty to seven counts of AFSA and 2 counts of FSA. The charges involved three juvenile victims. The defendant received a total of 30 – 60 years of stand committed time, with leave to petition five years off the minimum upon successful completion of the sex offender program.

2. The sentence for 01-S-48 ordered the defendant to make up to $10,000.00 restitution for uninsured counseling costs related to the incidents involving the victim C.E.

3. The sentence for 01-S-50 ordered the defendant to make up to $10,000.00 restitution for uninsured counseling costs related to the incidents involving the victim E.E.

4. The sentence for 01-S-53 ordered the defendant to make up to $10,000.00 restitution for uninsured counseling costs related to the incidents involving the victim S.E.

5. All three of the victims in this case are under the age of 12. The offenses committed against these victims were egregious. They could be attending counseling for an indefinite period of time. The restitution amount for each victim was capped at $10,000.00 to allow for the continuing costs associated with counseling over the years.

6. The Department of Corrections has filed a motion requesting a restitution amount to collect. It is impossible to provide such a figure at this time. That is why the State requested a capped amount for each victim. The current counseling bills are being paid by DCYF. At some point, the family of the victims will pick up the cost. The records of costs for continuing counseling will be provided to the DOC as they arise. The defendant will be responsible for paying the capped amount for each victim. In essence, the restitution amount to collect is up to $30,000.00.

7. The Court has already specified a restitution amount to collect in the sentencing order. To hold a hearing on this matter seems to be a waste of judicial resources. The sentencing orders do not specifically permit the DOC or the defendant to request a hearing on the amount or method of payment of restitution. The State requests that the Court rule the DOC has already received a restitution amount to collect and hold that there is no reason to schedule a hearing on this matter.

8. On the date this motion was written, the State attempted to contact Case Technician Julie Blanchard to see exactly if there was any further information we could provide. Unfortunately, PPO Blanchard was away at a training session. The State will again attempt to contact the DOC and try to resolve the issue.

Wherefore, the State respectfully requests that this Honorable Court,

A. Issue an order ruling that a restitution amount has already been set;
B. Issue the ruling without a hearing; and,
C. Grant such other relief as is fair and just

Respectfully submitted,

Brad Bolton,
Assistant County Attorney

CERTIFICATION Dated: September 20, 2001

I certify that a copy of the foregoing has been forwarded this date to Julie Blanchard, Case Technician, NHDOC, and defense counsel Jeff Levin, Esq., PO Box 679, Stratham, NH 03885.

Brad Bolton

*Ex 2a*

# ATTORNEY GENERAL
# DEPARTMENT OF JUSTICE

33 CAPITOL STREET
CONCORD, NEW HAMPSHIRE 03301-6397

Orville B. Fitch, II

KELLY A AYOTTE
ATTORNEY GENERAL

MICHAEL A. DELANEY
DEPUTY ATTORNEY GENERAL



April 6, 2006

Department of Corrections, Div. of Field Services
Ms. Deborah L. Nelson
PO Box 1007
Exeter, NH  03833

*[handwritten margin note: Fraud victim's ... the victim ... cannot ... collect under order ... the existing ...]*

Re:  Claim # V-00-201a (Nora Ellison)
(State vs. Tony L. Ellison)

Dear Ms. Nelson:

In the above-referenced criminal case (s), the NH Victims' Assistance Commission requests that
at least $9351.29 be ordered for restitution to reimburse the NH Victims' Assistance Fund
pursuant to NH RSA 21-M:8-1.  To date, the total amount expended by the fund on the above-
referenced claim, as awarded by the Commission at their 3/21/01 meeting, is as follows:

| | |
|---|---|
| Lost Wages-Paid to Victim | $ 5,504.79 |
| Therapy-Paid to Therapist directly | $ 3,846.50 |
| Total | $ 9,351.29 |

Under RSA 21-M:8-h, V, the Commission may only award eligible victims or their families up to
$10,000.00, regardless of the total of financial losses resulting from the injury or death of the
victim.  We ask that you consider all the crime-related costs to the victim/claimant, including any
costs that the Commission was unable to compensate, (to be made payable to the victim/claimant),
so that the victim/claimant may be fully compensated in the future.

Please call me at 1-800-300-4500 (NH Only) or (603) 271-1284 if you have any questions
regarding this request.  Please refer to the above-referenced compensation claim number.
Thank you very much for your consideration.

Sincerely,

Bette Jane Riordan, Coordinator
Victims' Assistance Commission

*Ex 2b*

## ATTORNEY GENERAL
## DEPARTMENT OF JUSTICE

33 CAPITOL STREET
CONCORD, NEW HAMPSHIRE 03301-6397

Orville B. Fitch, II

KELLY A. AYOTTE
ATTORNEY GENERAL



MICHAEL A. DELANEY
DEPUTY ATTORNEY GENERAL

April 6, 2006

Department of Corrections, Div. of Field Services
Ms. Deborah L. Nelson
PO Box 1007
Exeter, NH  03833

Re:  Claim # V-00-201b (Sean Ellison)
(State vs. Tony L. Ellison)

Dear Ms. Nelson:

In the above-referenced criminal case (s), the NH Victims' Assistance Commission requests that at least $1593.00 be ordered for restitution to reimburse the NH Victims' Assistance Fund pursuant to NH RSA 21-M:8-1.  To date, the total amount expended by the fund on the above-referenced claim, as awarded by the Commission at their 2/16/01 meeting, is as follows:

| | |
|---|---|
| Therapy-Paid to Therapist directly | $ 1,593.00 |
| Total | $ 1,593.00 |

Under RSA 21-M:8-h, V, the Commission may only award eligible victims or their families up to $10,000.00, regardless of the total of financial losses resulting from the injury or death of the victim.  We ask that you consider all the crime-related costs to the victim/claimant, including any costs that the Commission was unable to compensate, (to be made payable to the victim/claimant), so that the victim/claimant may be fully compensated in the future.

Please call me at 1-800-300-4500 (NH Only) or (603) 271-1284 if you have any questions regarding this request.  Please refer to the above-referenced compensation claim number. Thank you very much for your consideration.

Sincerely,

Bette Jane Riordan, Coordinator
Victims' Assistance Commission

**ATTORNEY GENERAL**

**DEPARTMENT OF JUSTICE**

*Ex 2c*

33 CAPITOL STREET
CONCORD, NEW HAMPSHIRE 03301-6397

Orville B. Fitch, II

MICHAEL A. DELANEY
DEPUTY ATTORNEY GENERAL

KELLY A. AYOTTE
ATTORNEY GENERAL



April 6, 2006

Department of Corrections, Div. of Field Services
Ms. Deborah L. Nelson
PO Box 1007
Exeter, NH  03833

Re:  Claim # V-00-201c (Catherine Ellison)
     (State vs. Tony L. Ellison)

Dear Ms. Nelson:

In the above-referenced criminal case (s), the NH Victims' Assistance Commission requests that at least $2256.80 be ordered for restitution to reimburse the NH Victims' Assistance Fund pursuant to NH RSA 21-M:8-1.  To date, the total amount expended by the fund on the above-referenced claim, as awarded by the Commission at their 2/16/01 meeting, is as follows:

|  |  |
|---|---|
| Therapy-Paid to Therapist directly | $ 2,256.80 |
| Total | $ 2,256.80 |

Under RSA 21-M:8-h, V, the Commission may only award eligible victims or their families up to $10,000.00, regardless of the total of financial losses resulting from the injury or death of the victim.  We ask that you consider all the crime-related costs to the victim/claimant, including any costs that the Commission was unable to compensate, (to be made payable to the victim/claimant), so that the victim/claimant may be fully compensated in the future.

Please call me at 1-800-300-4500 (NH Only) or (603) 271-1284 if you have any questions regarding this request.  Please refer to the above-referenced compensation claim number. Thank you very much for your consideration.

Sincerely,

Bette Jane Riordan, Coordinator
Victims' Assistance Commission

**ATTORNEY GENERAL**
**DEPARTMENT OF JUSTICE**

*Ex 2d*

33 CAPITOL STREET
CONCORD, NEW HAMPSHIRE 03301-6397

Orville B. Fitch, II

KELLY A. AYOTTE
ATTORNEY GENERAL



MICHAEL A. DELANEY
DEPUTY ATTORNEY GENERAL

April 6, 2006

Department of Corrections, Div. of Field Services
Ms. Deborah L. Nelson
PO Box 1007
Exeter, NH  03833

Re: Claim # V-00-201d (Erin Ellison)
(State vs. Tony L. Ellison)

Dear Ms. Nelson:

In the above-referenced criminal case (s), the NH Victims' Assistance Commission requests that at least $1525.00 be ordered for restitution to reimburse the NH Victims' Assistance Fund pursuant to NH RSA 21-M:8-1.  To date, the total amount expended by the fund on the above-referenced claim, as awarded by the Commission at their 2/16/01 meeting, is as follows:

| | |
|---|---|
| Therapy-Paid to Therapist directly | $ 1,525.00 |
| Total | $ 1,525.00 |

Under RSA 21-M:8-h, V, the Commission may only award eligible victims or their families up to $10,000.00, regardless of the total of financial losses resulting from the injury or death of the victim.  We ask that you consider all the crime-related costs to the victim/claimant, including any costs that the Commission was unable to compensate, (to be made payable to the victim/claimant), so that the victim/claimant may be fully compensated in the future.

Please call me at 1-800-300-4500 (NH Only) or (603) 271-1284 if you have any questions regarding this request.  Please refer to the above-referenced compensation claim number. Thank you very much for your consideration.

Sincerely,

Bette Jane Riordan, Coordinator
Victims' Assistance Commission



**STATE OF NEW HAMPSHIRE**

**DEPARTMENT OF CORRECTIONS**

**DIVISION OF FIELD SERVICES**

*Ex 3*

William L. Wrenn
Commissioner

Michael McAlister
Acting Director

EXETER DISTRICT OFFICE

8A CONTINENTAL DRIVE
PO Box 1007
Exeter, NH 03833

603-772-4730  FAX: 603-772-4763
TDD Access: 1-800-735-2964

June 14, 2006

Rockingham Superior Court
Raymond W. Taylor, Clerk
PO Box 1258
Kingston, NH  03848-1258

Re:    State v Tony Ellison
          Docket No. 01-S-00048 et al.

Hon. Judge Coffey,

Per the court's order on 6/5/06, enclosed is all the paperwork I have received from the mother of the victims (Ms. Nora Fortin) and from the Victims Assistance Commission (VAC).  I have also enclosed my worksheets from my review of the documents.  Lastly, there is a print out from our computer system showing Mr. Ellison has paid $80.00 (eighty)to date on this obligation.

The VAC made awards to the victims in February and March 2001.  The documentation that Ms. Fortin provided to the VAC would have been at least a couple of months prior to the committee's meeting.  Thus, there are a few expenses dated prior to the VAC award date that are itemized for Ms. Fortin's claim.

In telephone conversations with Ms. Fortin, she has advised this office that she has been unable to locate copies of cancelled checks or bills for most of the counseling services from 2002 and 2003.  Without copies of bills, receipts, or cancelled checks, I did not provide for any of those counseling services.

I have deducted the VAC's claim for money paid for Ms. Fortin's counseling and lost wages.  As with the original calculation, out-of-pocket expenses for her counseling, lost wages, and child care have also not been included.

My most recent calculation on this case is $5374.80 to the VAC for counseling fees they covered; and $2947.70 to Nora Fortin for out-of-pocket counseling expenses to date.  This will reduce Mr. Ellison's current obligation to $8322.50 plus 17% ($1414.83) for a total of $9737.33.

I will continue to inform Mr. Ellison as new expenses are submitted.  If you have any questions or concerns, please do not hesitate to contact me.

Respectfully,

Deborah Nelson,
Case Technician

cc.     County Attorney (JBB)
        Defendant:
        File

State of New Hampshire

Department of Corrections

Restitution and Fee Collection Detail

*Ex 4*

| Restitution and Fee Detail for: | ELLISON, TONY L (56901) | | Date: | 6/14/2006 |

**Fee Detail:**

*Balance Owed(*):*                              *Paid to Date:*

*Fee Type:*              Amount:              Frequency:         Docket#

*\* This is the current amount owed. You may owe more depending upon your length of supervision(s)*

**Restitution Detail:**

| RC#: | Court: | Date Ordered: | Amount Ordered: | Collected to Date: | Balance Owed: |
|---|---|---|---|---|---|
| 11148 | ROCKINGHAM SUPERIOR COURT | 8/22/2001 | $17,629.00 | $80.00 | $20,545.93 |

**Acceptable Payment Methods:**

- **Certified bank or cashier check:**  These may be obtained at any bank, or credit union.  You must ask for a cashier check/treasurers check.

- **Money Order:**  These may be obtained at any U.S. Post Office, banks or most convenience stores.

- **Personal Checks:**  Personal checks are accepted.  Include your name and DOC ID# on the check.  A check written against insufficient funds will be penalized an administrative fee of $25 or 5% of the check's value, whichever is greater, and a $8 bank fee.  Personal checks will no longer be accepted from individuals that have written a bad check.

All payments should be made payable to: "Department of Corrections" and sent to:

NH Dept. of Corrections
Collections Unit
PO Box 280
Concord, NH 03302-0280

All payments must include your NAME and DOC ID#.

If this information is not included with your payment, you may not be properly credited for your payment and/or your payment may be returned to you if it cannot be identified.

Receipts will only be sent upon request.

This coupon has been printed for your convenience, please detach and mail with your payment

ELLISON, TONY L (56901)                                        Amount Enclosed: _____

Supervising Officer:



## Sean Ellison

| Check # | Date | Amount | Date of service as written on check |
|---------|------|--------|-------------------------------------|
| 231 | 12/9/00 | $132.00 | 12/5  12/12  1/9 |
| 262 | 2/21/01 | $88.00 | 12/19  1/2  1/16  1/19 |
| 275 | 2/28/01 | $44.00 | 2/7 |
| 279 | 3/6/01 | $44.00 | 2/14 |
| 309 | 3/21/01 | $88.00 | no date of serv. or who was seen? |
| 325 | 4/1/01 | $44.00 | 2/28 |
| 446 | 6/5/01 | $44.00 | no date of serv. or who was seen? |
| 513 | 8/8/01 | $176.00 | 3/21  4/4  4/11  4/18 |

TOTAL AMOUNT    $660.00

## Catherine Ellison

| 206 | 1/10/01 | $104.10 | 11/6  11/16 |
| 229 | 1/29/01 | $94.20 | 12/7  12/21 does not confirm who |
| 263 | 2/12/01 | $47.10 | 1/25 |
| 276 | 2/28/01 | $47.10 | 2/7 |
| 308 | 3/21/01 | $47.10 | 2/14 |
| 326 | 4/1/01 | $47.10 | 3/7 |
| 445 | 6/5/01 | $47.10 | no date of service. |
| 501 | 7/30/01 | $94.20 | 6/27 7/5 |
| 515 | 8/8/01 | $47.10 | ---- |
| 869 | 5/06/02 | $54.00 | ------- |
| 869 | 5/06/02 | $108.00 | no dates of serv. |
| 1566 | 1/13/03 | $58.00 | Oct. #98355 |

TOTAL AMOUNT $957.00

$Ex$ $56$

## Erin Ellison

| Check # | Date | Amount | Date of service |
|---------|------|--------|-----------------|
| 181 | 12/21/00 | $47.10 | no date of serv. |
| 263 | 2/12/01 | $104.10 | 1/16  1/24 |
| 276 | 2/28/01 | $47.10 | 2/7 |
| 308 | 3/21/01 | $47.10 | 2/14 |
| 514 | 8/8/01 | $94.20 | 4/4  4/18 |
| 869 | 5/6/02 | $108.00 | no date |
| 889 | 5/31/02 | $54.00 | no date |

TOTAL AMOUNT   $501.60

To a total of all combined debt of $2118.60.

- 43 -

6/14/06 DN

Sean Ellian

Ex 6a

| Date | # | $ | for |
|------|---|---|-----|
| 1/18/01 | ? | 15⁰⁰ | Core Phys. Svc. |
| 1/29/01 | 231 | 132 | Pam Bruning |
| 2/12/01 | ~~275~~ 262 | 88⁰⁰ | " " |
| 2/28/01 | 275 | 44⁰⁰ | " " |
| 3/6/01 | 279 | 44⁰⁰ | " " |
| 3/21/01 | 309 | 44⁰⁰ | " " |
| 4/01/01 | 325 | 44⁰⁰ | " " |
| 6/5/01 | 446 | 44⁰⁰ | " " |
| 8/8/01 | 513 | 176 | " " |
| 11/1/05 | (owed) | 828⁰⁰ | " " |
| 2/16/01 | — | 1593 | Victims Assist Comm |

3052

( 1459 )

- 44 -

6/14/06

$Ex$ 6b

## Catherine Ellison (Katy)

| Date | # | $ | for |
|------|---|---|-----|
| 1/18/01 | ? | 15⁹⁹ | Care Phys. Svc |
| 1/19/01 | 206 . | 104¹⁹ | Exeter Psych |
| 1/29/01 | 229 . | 94²⁰ | " " |
| 2/12/01 | 263 · | 47¹⁹ | " " |
| 2/28/01 | 276 . | 47¹⁹ | " " |
| 3/21/01 | 308 . | 47¹⁹ | " " |
| 4/01/01 | 326 . | 47¹⁹ | " " |
| 4/5/01 | 445. | 47¹⁹ | " " |
| 7/30/01 | 501 | 94²⁰ | " " |
| 8/8/01 | 515 | 47¹⁹ | " " |
| 1/13/03 | 1566 | 58⁻ | " " |
| 2/16/01 | — | 2256.80 | Victims Assist Comm. |
| 5/5/02 | 869 | 54⁰⁰ + 108⁰⁰ | Exeter Psych |
| 5/31/02 | 899 | 162⁰⁰ | " " |

3228.70

(972.10)

- 45 -

6/14/09

$Ex$ $6c$

Erin Elkson

| Date | # | $ | for |
|------|---|---|-----|
| 1/18/01 | 2 | 15.00 | Core Phys. Suc. |
| 12/21/00 | 181 | 47.0 | Exeter Psych |
| 2/12/01 | 263 | 104.10 | " " |
| 2/28/01 | 276 | 47.10 | " " |
| 3/21/01 | 308 | 47.10 | " " |
| 8/8/01 | 514 | 94.25 | " " |
| 2/16/01 | — | 1,525.00 | Victims Assist Comm. |
| 5/6/02 | 869 | 108.00 | Exeter Psych |
| 5/31/02 | 899 | 54.00 | " " |

$\underline{2041.60}$

$(516.60)$

fond written
by Deborn Nelson.

- 46 -

6/14/06 ⓓ

Ex 6d

## Nora (Ellison) Fortin

| Date | # | # | for |
|------|------|------|------|
| 1/29/01 | 230 | 132 | Pam Bruning |
| 2/12/01 | 261 | 88 | " " |
| 2/28/01 | 275 | 44 | " " |
| 3/6/01 | 279 | 44 | " " |
| 3/21/01 | 309 | 44 | " " |
| 4/01/01 | 325 | 44 | " " |
| 3/21/01 | — | 3846 50 | Victims Assist Comm |
| 3/26/01 | — | 5504.79 | " " " (wages) |

$$\underline{9747.29}$$

(396)

counseling & lost wages for this victim are being
disallowed by the Court.

$Ex$ 6e

MAR 3 1 2006

| | | | |
|---|---|---|---|
| ... | 12/21/06 | 4 1 $\frac{12}{}$ | $CC = $ 518 |
| ... | 11/6/01 | 107 10 | $CC = $ 0296 |
| ... | 1/3/01 | 04.20 | $CK\# $ 0227 |
| ... | 1 20 01 | 138 06 | $CK = $ C231 |
| Pam brun | 2/12/01 | 88 66 | $CK\# $ 0262 |
| Exclin psych | 2/12/01 | 151.20 | $CK\# $ 0263 |
| Pam brun | 2/28/01 | 86 66 | $CK\# $ 0275 |
| Exclin psych | 2/28/01 | 94.70 | $CK\# $ 0276 |
| Pam brun | 3/6/01 | 88 66 | $CK\# $ 0279 |
| Pam brun | 3/21/01 | 86 66 | $CK\# $ 0307 |
| Exiter psych | 3/21/01 | 94.70 | $CK\# $ 94.70 (308) |
| Pam brun | 4/1/01 | 88 66 | $CK\# $ 325 |
| Exclin psych | 4/1/01 | 47.10 | $CK\# $ 356 |
| Exclin psych | 5/6/01 | 162.66 | $CK\# $ 869 |
| Exclin psych | 5/31/01 | 162 00 | $CK\# $ 897 |
| Pam brun | 6/5/01 | 44.66 | $CK\# $ 446 |
| Exclin psych | 6/5/01 | 47 10 | $CK\# $ 446 |
| Exclin psych | 7/30/01 | 94.70 | $CK\# $ 557 |
| Julia Prior | 6/29/01 | 56.06 | $CK\# $ 460 |
| Pam brun | 8/8/01 | 136 06 | $CK\# $ 513 |
| Exclin psych | 8/6/01 | 94.70 | $CK\# $ 514 |
| Exclin psych | 8/8/01 | 47.10 | $CK\# $ 515 |
| Julia Prior | 5/4/01 | 156.66 | $CK\# $ 516 |
| Julia Prior | 11/17/01 | 154 00 | $CK\# $ 662 |
| Julia Prior | 11/17/01 | 72 06 | $CK\# $ 668 |
| Julia Prior | 12/17/01 | $-$ 48 320 66 | $CK\# $ 702 |

$Ex\ 6f$

Matthew Prior    12/9/01   36.00   Ck# 763
Julia Prior      1/25/01   285.00   Ck# 752
Julia Prior      5/23/01   282.00   Ck# 535
Julia Prior      8/23/01   156.00   Ck# 534
Extra Behy       1/3/03    50.00   Ck# 1566

Psychological Expenses :   2133.70
Child Care :               1488.00
Bill due + owing from P. Bruning   828.20

Jimy was the stay @ home Caregiver.
I needed to pay someone to care for the
Children in order to return to work.
I am only asking for reimbursement
for the first year even though I
continue to pay to date for
Child care.

- 49 -

$\widehat{\begin{smallmatrix}34\\5\end{smallmatrix}}$

*Ex 7*

*Office of*
*Clerk of Superior Court*
*Rockingham County*

*Raymond W. Taylor, Clerk*
*Cynthia A. Perreault, Deputy Clerk*
*Julie A. Introcaso, Deputy Clerk*

*10 Route 125*
*Brentwood, NH*

*Mailing Address*
*Rockingham County Courthouse*
*P.O. Box 1258*
*Kingston, NH 03848-1258*

March 24, 2006

Tony Ellison #31925
NHSP
PO Box 14
Concord, NH 03302

Rockingham County Attorney Office
PO Box 1209
Kingston, NH 03848-1209

Re: State v. Tony Ellison, 01-S-48-56

Dear Attorneys:

Please be advised on March 24, 2006 the Court (Coffey, J)
made the following order regarding the Motion to order the
Department of Corrections to provide all records pertaining to the
restitution owed by the defendant:

"This issue was the subject of motions in 2001 and it is
clear from the record that restitution is capped at $10,000 for
each of the 3 victims (total $30,000) for counseling which was
paid by the State." S/Coffey P.J.

Very truly yours,

Raymond W. Taylor, Clerk

RWT/jlk

CC: Dept. of Corrections

$Ex$ $8$

## THE STATE OF NEW HAMPSHIRE

**ROCKINGHAM, SS.**                                    **SUPERIOR COURT**

State of New Hampshire

v.

Tony Ellison

01-S-0048

### <u>ORDER</u>

Before the court is Defendant's Motion to Clarify Restitution Amount imposed as part of his sentences resulting from his plea of guilty to multiple counts of aggravated felonious sexual assault on three victims. In his motion, Defendant requests the court to order the Department of Corrections to provide records of all costs incurred for the counseling of victims and that money the Department of Corrections incorrectly collected in restitution be returned to him. He also requests a hearing on this motion and the services of counsel; however, these are not presently required for the limited purposes of this motion. The mittimus for each of Defendant's three sentences (01-S-48, 01-2-50, 01-S-53) provided for restitution as follows: "The defendant is ordered to make restitution of up to $10,000.00 plus statutory 17% administrative fee through the Department of Corrections on the following terms: Restitution for victim's counseling costs related to these incidents." Defendant does not contest the restitution order itself, but he argues that he is responsible only for counseling costs incurred after August 22, 2001 and that the Department of Corrections billed him for costs incurred, not by the victims, but by the victims' mother.

The restitution orders contemplated the inclusion of counseling costs incurred prior to the date of the order. The "counseling costs related to these incidents" began accruing prior

to Defendant's sentencing.    While the cap indicates that the court wished to include the future costs of counseling in the amount of restitution, such a cap does not also preclude counseling costs incurred after Defendant's criminal acts and prior to sentencing. Defendant is responsible for all of his victims' costs of counseling relating to these incidents up to the cap set by the court.

However, under the terms of his sentence, Defendant's required restitution is limited to his three victims' counseling costs. The documentation attached to Defendant's motion indicates that the Department of Corrections may have improperly included costs incurred by the victims' mother in determining the amount of Defendant's restitution. Accordingly, the court orders the Department of Corrections to provide Defendant and the court with a comprehensive accounting of his current liability in restitution for his victims' counseling costs, including billing records and amounts already paid by Defendant.

So **ORDERED**.

$\underline{\phantom{xx}6|5|06\phantom{xx}}$
DATE

PATRICIA C. COFFEY
Presiding Justice

cc: Tony Ellison
    Brad Bolton, ACA
    NH Probation Dept.

mailed 6/5/06

$Ex$ $9$

*Office of*
*Clerk of Superior Court*
*Rockingham County*

*Raymond W. Taylor, Clerk*
*Cynthia A. Perreault, Deputy Clerk*
*Julie A. Introcaso, Deputy Clerk*

*10 Route 125*
*Brentwood, NH*

*Mailing Address*
*Rockingham County Courthouse*
*P.O. Box 1258*
*Kingston, NH 03848-1258*

June 21, 2006

Tony Ellison, #31925
NH State Prison
PO Box 14
Concord, NH 03301-0014

Brad Bolton, Esquire
Rockingham County Attorney Office
PO Box 1209
Kingston, NH 03848-1209

Deborah Nelson, Case Technician
NH Probation Dept.
PO Box 1007
Exeter, NH 03833-1007

    RE: State v. Tony Ellison, 01-S-48 et seq.

Dear Gentlepersons:

    Please be advised that on June 19, 2006 the Court (Coffey, J)
made the following order regarding restitution:

    "The Court has accepted the documentation provided by the
Dept. of Corrections, pursuant to its most recent order.
Accordingly, the defendant's current obligation is for $8,322.50
plus the 17% administrative fee of $1414.83 for a total
restitution figure of $9737.33 Mr. Ellison remains responsible for
additional counseling costs of his victims, if any."

                        Very truly yours,

                        Raymond W. Taylor, Clerk

RWT/jas

*Ex 10*

**Office of**
**Clerk of Superior Court**
**Rockingham County**

*Raymond W. Taylor, Clerk*
*Cynthia A. Perreault, Deputy Clerk*
*Julie A. Introcaso, Deputy Clerk*

*10 Route 125*
*Brentwood, NH*

*Mailing Address*
*Rockingham County Courthouse*
*P.O. Box 1258*
*Kingston, NH 03848-1258*

August 9, 2006

Tony Ellison
NHSP #31925
PO Box 14
Concord, NH 03302

RE: State v. Tony Ellison, 01-S-48-56

Dear Mr. Ellison:

Please be advised that on 8/2/06 the Court (Coffey, J) made the following order on your pro-se Motion to Object:

"The report filed with the Court by the Department of Corrections was comprehensive and did not include any costs other than "counseling for victims", as delineated in the sentencing orders and in this Court's Order of 6/5/06.
Defendant's "Motion to Object" is, accordingly, denied."
S/Coffey P.J.

Very truly yours,

Raymond W. Taylor, Clerk

RWT/jlk

CC: County Attorney
    Dept. of Corrections

*Office of*
*Clerk of Superior Court*
*Rockingham County*

*Ex* 11

*Raymond W. Taylor, Clerk*
*Cynthia A. Perreault, Deputy Clerk*
*Julie A. Introcaso, Deputy Clerk*

*10 Route 125*
*Brentwood, NH*

*Mailing Address*
*Rockingham County Courthouse*
*P.O. Box 1258*
*Kingston, NH 03848-1258*

August 25, 2006

Tony Ellison #31925
NH State Prison
PO Box 14
Concord, NH 03302

RE: State v. Tony Ellison, 01-S-48-56

Dear Mr. Ellison:

Please be advised that on August 25, 2006 the Court (Coffey, J) made the following Order regarding the above referenced cases:

"On August 2, 2006, this Court, by Order so dated, denied the Defendant's "Motion to Object to the Acception of the Dept. of Corrections Documentation and the Total Amount Owed by the Defendant." Accordingly, his motion dated August 4, 2006 (but received in this Court on August 10, 2006) and captioned "Motion to Put the Court in contempt" is denied. His "Motion to reconsider" dated August 18, 2006 is also denied as it sets forth no new information or argument that was not previously before the Court for consideration." S/Coffey P.J.

Very truly yours,

Raymond W. Taylor, Clerk

RWT/jlk

Cc: County Attorney
    Probation

# STATE OF NEW HAMPSHIRE

**ROCKINGHAM, SS**                          **SUPERIOR COURT**  

### NOTICE OF DECISION

Tony Ellison
NH State Prison #31925
P.O. Box 14
Concord NH 03301

### State v. Tony Ellison

Docket #'s:
01-S-0048; 0049; 0050; 0051; 0052; 0053; 0054; 0055; 0056

 Please be advised that on 10/03/2006 Judge Coffey made the following
order relative to:

**Motion to Clarify ; Denied**
    "Motion denied"

10/04/2006                          Raymond W. Taylor, Clerk
                                    P.O. Box 1258
                                    Kingston, NH 03848-1258
                                    603-642-5256

cc:  County Attorney Office

AOC Form SUSP052 (Rev. 08/14/2003)

- 56 -

# THE STATE OF NEW HAMPSHIRE
## Rockingham Superior Court
PO Box 1258
Kingston, NH 03848 1258
603 642-5256



## NOTICE OF HEARING

```
TONY ELLISON
NH STATE PRISON #31925
P O BOX 14
CONCORD NH 03301
```

### State v. Tony Ellison

**01-S-0048; 0049; 0050; 0051; 0052; 0053; 0054; 0055; 0056**

The above-referenced cases have been scheduled before Judge John
M. Lewis for the following:

### Hearing on Restitution

Date:      **January 29, 2009**
Time:       **9:00 am**
Location:  **Rockingham Superior Court**
           **10 Route 125**
           **Brentwood, NH  03833**

Time allotted for this hearing: 15 min.  Please advise immediately
if this is not sufficient.

**Failure of Defendant to be present at this hearing will result in the
issuance of Arrest Warrant as well as the imposition of a $50
Administrative Processing Fee.
Defendant and Counsel must be present.**

**Please advise clients, witnesses, and others that it is a class B
felony to carry a firearm or other deadly weapon as defined in
RSA 625:11,V in a courtroom or area used by a court.**

                              BY ORDER OF THE SUPERIOR COURT
12/02/2008                    Raymond Taylor, Clerk

cc:  County Attorney Office
     Dept of Corrections/Probation Dept.

AOC Form SUSP080 (Rev. 07/10/2000)

– 57 –

*Office of*
*Clerk of Superior Court*
*Rockingham County*

*Ex 14*

*Raymond W. Taylor, Clerk*
*Cynthia A. Perreault, Deputy Clerk*
*Julie A. Introcaso, Deputy Clerk*

*10 Route 125*
*Brentwood, NH*

*Mailing Address*
*Rockingham County Courthouse*
*P.O. Box 1258*
*Kingston, NH 03848-1258*

February 3, 2009

Tony Ellison
NH State Prison
PO Box 14
Concord, NH 03302-0014

Office of the County Attorney
PO Box 1209
Kingston, NH 03848-1209

    Re. State v. Tony Ellison, 01-S-48

Dear Gentlepersons:

    Please be advised that on January 29, 2009 the Court (Lewis, J) made the following order on the above referenced case:

    "After hearing, and in connection with the Defendant's Motion for a Hearing to Verify Restitution Receipts, the State shall provide to the Defendant copies of the pertinent receipts within 30 days."

                Very truly yours,

                Raymond W Taylor, Clerk

RWT/jas
Cc NH Probation Dept.

## STATE OF NEW HAMPSHIRE

**ROCKINGHAM, SS**                                          **SUPERIOR COURT**   $Ex.15$

NOTICE OF DECISION

Tony Ellison
NH State Prison #74882
P.O. Box 14
Concord NH 03301

**State v. Tony Ellison**

Docket #'s:
01-S-0048; 0049; 0050; 0051; 0052; 0053; 0054; 0055; 0056

Please be advised that on 4/01/2009 Judge Lewis made the following
order relative to:

**Motion for Clarification ; Granted**
   "Granted. records to be provided for in camera review."

**Motion for Summary Judgment ; Denied**

04/01/2009                                        Raymond W. Taylor, Clerk
                                                  P.O. Box 1258
                                                  Kingston, NH 03848-1258
                                                  603-642-5256

cc:   County Attorney Office
      Dept of Corrections/Probation Dept
      Office of Attorney General

AOC Form SUSP052 (Rev 08/14/2003)

Ex 16

# THE STATE OF NEW HAMPSHIRE

**ROCKINGHAM COUNTY**                                    **SUPERIOR COURT**
                                                        Docket No.: 01-S-48, et al

State of New Hampshire

v.

Tony Ellison

## ORDER

The Court held a hearing in this matter on June 12, 2009.

As was discussed in some detail on the record, the Court does not disturb the final orders (which were never appealed) that were issued by Judge Coffey dealing with restitution and indeed establishing an actual restitution amount. The Court observes that it has reviewed *in camera* the State's recent document submissions pertaining to restitution, as well as other materials in the file that pertain to restitution. These, in the Court's view, sufficiently support the previous orders setting the established restitution amount. The Court seals the records that the State has provided regarding restitution back up.

In connection with the motions that the defendant has filed, the Court grants no further relief with regard to his Motion for a Hearing to Verify Restitution Receipts. Furthermore, the Court denies the defendant's Motion to be Present for the In Camera Review. The Court believes that its Order herein concludes present proceedings relating to restitution. The restitution amount is in place.

So ordered.

_____                              _____
Date                                                 John M. Lewis
                                                     Presiding Justice

# STATE OF NEW HAMPSHIRE

*Ex 17*

**ROCKINGHAM, SS**                    **SUPERIOR COURT**

### NOTICE OF DECISION

Tony Ellison
NH State Prison #74882
P.O. Box 14
Concord NH 03301

### State v. Tony Ellison

Docket #'s:
01-S-0048; 0049; 0050; 0051; 0052; 0053; 0054; 0055; 0056

Please be advised that on 7/24/2009 Judge Lewis made the following
order relative to:

**Motion to Reconsider ; Denied**

07/24/2009                    Raymond W. Taylor, Clerk
                              P.O. Box 1258
                              Kingston, NH 03848-1258
                              603-642-5256

cc:  County Attorney Office
     Dept of Corrections/Probation Dept
     Anthony Blenkinsop, Esq.

*Rec 7 25 09*
*7/24*

AOC Form SUSP052 (Rev 08/14/2003)

*Ex 18*

# THE STATE OF NEW HAMPSHIRE

## SUPREME COURT

### In Case No. 2009-0606, <u>State of New Hampshire v. Tony Ellison</u>, the court on December 10, 2009, issued the following order:

Notice of appeal is declined.  See Rule 7(1)(B).

Under Supreme Court Rule 7(1)(B), the supreme court may decline to accept a notice of discretionary appeal from the superior, district, or probate court or from the family division.  No appeal, however, is declined except by unanimous vote of the court with at least three justices participating.

This matter was considered by each justice whose name appears below.  If any justice who considered this matter believed the appeal should have been accepted, this case would have been accepted and scheduled for briefing.

Declined.

Broderick, C.J., and Dalianis, Duggan, Hicks and Conboy, JJ., concurred.

**Eileen Fox,**
**Clerk**

Distribution:
Clerk, Rockingham County Superior Court, 01-S-0048-0056
Honorable John M. Lewis
/Mr. Tony Ellison
Appellate Defender
Anthony I. Blenkinsop, Esquire
File

Rec Dec 16 2009

*Ex 19*

# THE STATE OF NEW HAMPSHIRE

## SUPREME COURT

### In Case No. 2009-0606, State of New Hampshire v. Tony Ellison, the court on February 4, 2010, issued the following order:

The defendant filed a pleading of reconsideration on January 19, 2010, which argues that his pleading of reconsideration dated December 22, 2009, was timely filed. The order declining the defendant's notice of appeal was dated December 10, 2009. Rule 22(2) provides that any motion for reconsideration shall be filed within 10 days from the date of the dismissal or summary decision in matters in which an opinion is not issued. Thus, the defendant's motion to reconsider was due on or before Monday, December 21, 2009. Even if we accept the defendant's argument that his pleading of reconsideration dated December 22 should be treated as having been filed on December 22, it would still have been dismissed as untimely filed. Accordingly, we deny the pleading of reconsideration filed on January 19, 2010. No further motions for reconsideration shall be considered or acted upon by the court in this case. See Rule 22(5).

Dalianis, Duggan, Hicks and Conboy, JJ., concurred.

**Eileen Fox,
Clerk**

Distribution:
Clerk, Rockingham County Superior Court, 01-S-0048-0056
Honorable John M. Lewis
Mr. Tony Ellison
Anthony I. Blenkinsop, Esquire
File

*Ex # 24*

Code of New Hampshire Rules
ATTORNEY GENERAL, DEPARTMENT OF JUSTICE
CHAPTER Jus 600 VICTIMS COMPENSATION
PART Jus 603 PROGRAM AND PROCESS OVERVIEW
-------------------------------------------------------------------------------

Jus 603.03 Application Process.

  (a) Any person who wishes to request an award of
compensation from the commission shall commence the process
by filing a "Claim Application Form" available from the unit
in the department.

  (b) In response to receipt of a "Claim Application Form" the
unit shall contact the claimant and indicate what additional
information, including documentation, will be necessary to
process the claim. Necessity shall be based upon the need to
substantiate and document the claim for which compensation is
sought. The claimant shall submit such information and
documentation within 30 calendar days of a request from the
unit for additional information.

  (c) Once the claimant receives an "Acknowledgment of Receipt
of Claim Application and Request for More Information Form"
from the unit, the claimant shall have 30 days to provide
such information and documentation to complete the claim.
However, the unit shall grant an extension of time upon
request if the claimant demonstrates that 30 days will not be
sufficient to gather such additional information and
documentation. The extension notice shall specify the date by
which such additional information and documents shall be
submitted.

  (d) While the claim application is being completed, the
claim shall be considered by the unit and the commission to
be in the commission preparation stage.

  (e) Once the unit determines that the claim application is
complete, the unit coordinator shall review the claim for the
purpose of determining whether the claimant has clearly
established eligibility for compensation. If the claimant has
not, the claim shall be labeled a regular claim and the full
claim application file shall be copied for each commission
member. However, if eligibility for compensation is clear,
the claim shall be labeled an administrative claim, and the
unit coordinator shall prepare a summary of the claim for
consideration by the commission.

  (f) The administrative claim summary prepared pursuant to

(e) above shall include:

(1) Identification of the eligible crime;

(2) A brief description of the crime;

(3) A statement as to the dollar amount of compensation sought, by category;

(4) The history of the claim;

(5) Any other information that is material or could be helpful to the commission; and

(6) The recommendation of the unit coordinator.

(g) Each commission ready claim prepared at least 14 days prior to the commission's next regularly scheduled meeting shall be placed on that meeting's agenda, unless the unit coordinator determines that it would be unlikely that the claim would be reached and acted upon at that meeting. If the unit coordinator so determines, the commission ready claim shall be placed on the agenda for the first commission meeting at which the unit coordinator determines that the claim can be acted upon by the commission. In no case shall placement on the agenda result in the passage of more than 120 days after the claimant submitted a completed application before a decision can be made by the commission.

(h) When the commission considers a claim for compensation, it shall first determine whether there is reasonable evidence that an eligible crime has occurred. Thereafter, the commission shall determine whether the claim provides it with enough information and documentation to form the basis of a decision as to whether to grant or deny the claim in whole or in part.

(i) If the commission determines that more information and documentation is necessary, it shall notify the claimant as to the specific information and documentation necessary for it to make its decision.

(j) Upon receipt of notice pursuant to (i) above, the claimant shall have 60 days to provide such additional information and documentation. However, the unit shall grant an extension of time upon request if the claimant demonstrates that 60 days will not be sufficient to gather such additional information and documentation.

(k) Once the commission determines that the claim

application provides it with enough information and documentation to form the basis of a decision as to whether to approve or deny the claim in whole or in part, the commission shall consider the claim on its merits and reach a decision within 120 days.

(l) The decision of the commission shall be based upon the submitted written claim application, including all relevant evidence, by applying the criteria set forth in Jus 605. If a claim is denied in whole or in part, the decision shall state all reasons applicable to such denial.

(m) If a primary victim's claim is denied for any of the reasons set forth in Jus 605.02, the claims of related victims shall, except as provided in Jus 605.02(e), also be denied.

(n) If the claimant is aggrieved by the decision of the commission, the claimant may seek review of such decision by filing with the unit a motion for reconsideration if the claimant can provide new evidence. If an aggrieved claimant cannot provide new evidence, the claimant shall file a notice of appeal with the unit. The unit shall evaluate the filing to determine whether the claimant has properly characterized it and then process the filing accordingly.

(o) The aggrieved claimant shall file a motion for reconsideration if the reconsideration is requested in whole or in part based upon new evidence that could materially affect the outcome. The motion shall identify the new evidence and set forth all reasons why the claimant believes such new evidence, as well as every mistake of fact or law the claimant believes to have been made, materially affects the outcome.

(p) If the commission determines that, when viewed in the light most favorable to the claimant, the new evidence or mistake of fact or law could not materially affect the outcome, the commission shall deny such motion. A claimant aggrieved by the denial of a motion for reconsideration may appeal the decision to the attorney general as provided in (s) and (t), below.

(q) If the commission determines that, when viewed in the light most favorable to the claimant, the new evidence or mistake of fact or law could materially affect the outcome, the commission shall grant the motion and provide the claimant with an opportunity to submit such new evidence, make argument to correct the mistake of fact or law, or both.

(r) After the commission has provided an opportunity to a claimant under (q) above, the commission shall affirm, amend, or reverse its decision based upon the full record of all information and argument presented to it.

(s) The claimant shall file a notice of appeal if the claimant disagrees with the decision of the commission and wishes to challenge the decision, and either:

(1) There is no new evidence that would materially affect the outcome and therefore a motion for reconsideration would be inappropriate; or

(2) A motion for reconsideration has been submitted but was denied pursuant to (p) above or affirmed pursuant to (r) above.

(t) The notice of appeal shall identify and set forth every mistake of fact or law the claimant believes to have been made and that materially affects the outcome. The attorney general, or designee, shall then review the complete record and, based upon such record review, affirm, amend, or reverse the decision of the commission.

(u) For purposes of RSA 541:3, an appeal to the attorney general shall be considered to be a motion for rehearing.

(v) Appeal from the decision of the attorney general or designee shall be taken by petition to the New Hampshire supreme court pursuant to RSA 541:6.

Ex #25

Code of New Hampshire Rules
ATTORNEY GENERAL, DEPARTMENT OF JUSTICE
CHAPTER Jus 600 VICTIMS COMPENSATION
PART Jus 604 FORMS
-------------------------------------------------------------------------------

Jus 604.02 Acknowledgment of Receipt of Claim and Request
for More Information Form.

   (a) Upon receipt of a complete "Claim Application Form" by
the unit, it shall send an "Acknowledgment of Receipt of
Claim and Request for More Information Form" to acknowledge
the receipt of the claim and shall identify any specific
types of additional information required to process the
claim. Determination of such types of additional information
shall be made on a case-by-case basis, pursuant to (b) below.

   (b) The types of additional information that the unit
identified pursuant to (a) above shall include:

   (1) Information regarding collateral financial sources, as
described in Jus 604.03, if collateral financial sources
might exist;

   (2) Photocopies of all crime-related medical bills;

   (3) Photocopies of all crime-related mental health
counseling bills;

   (4) If copies of medical bills, mental health counseling
bills, or both are not available but expenses have been
incurred, a complete list of each such provider's:

   a. Name;

   b. Complete mailing address;

   c. Telephone number; and

   d. Services actually rendered;

   (5) The name of the victim's employer, supervisor, mailing
address, and telephone number at the time the eligible crime
occurred, if the victim was employed;

   (6) Photocopies of the victim's paycheck stubs for the month
prior to the eligible crime if the victim was employed, or,
if the victim was self-employed, a copy of the previous
year's federal income tax return;

-68 -

(7) A letter to be provided directly from the victim's physician or mental health professional to the commission, which sets forth the following in support of a claim for more than 14 consecutive workdays' lost wages:

  a. A description of the disabling injuries suffered by the victim;

  b. The period of time the disabling injuries prevented the victim from working; and

  c. The date on which the victim returned to work, or if the victim has not returned to work, the anticipated date of return to work;

(8) A photocopy of the final funeral bill, including burial and all related expenses but not including expenses for the reception, wake, or purchase of clothing;

(9) A photocopy of the receipt, deed, or both, for the purchase of a cemetery plot;

(10) A photocopy of the bill for the monument and engraving; and

(11) Any other information related to the claim but not covered by (1) — (10) above, and unique to the circumstances of the claim.

(c) In addition, the "Acknowledgment of Receipt of Claim and Request for More Information Form" sent to a claimant regarding a homicide shall include as an attachment a brochure describing a support group for the friends and family of homicide victims. The claimant also shall be informed that such friends and family may request to be added to the mailing list of the support group.

(d) The unit shall provide a self-addressed envelope for the claimant to use in submitting the information and documents identified pursuant to (b) above. Postage shall not be provided by the unit.

(e) Claimants shall be encouraged to gather and submit the requested information and documents within 10 days of receipt of the "Acknowledgment of Receipt of Claim and Request for More Information Form."

(f) Claimants shall also be encouraged to discuss with the unit any attempts by providers to recover expenses. The unit shall offer to contact such providers to explain the claims process and the timelines involved.

*Ex #26*

Code of New Hampshire Rules
ATTORNEY GENERAL, DEPARTMENT OF JUSTICE
CHAPTER Jus 600 VICTIMS COMPENSATION
PART Jus 605 CLAIM EVALUATION CRITERIA AND AWARDS LIMITS
--------------------------------------------------------------------------------

Jus 605.03 Medical Expenses Awards.

(a) The commission shall consider and evaluate requests for
compensation for medical expenses if the underlying facts of
the claim meet the requirements of Jus 605.01 and none of the
circumstances resulting in ineligibility described in
Jus 605.02 applies.

(b) A claimant submitting a request for compensation for or
payment of medical expenses shall submit the following
information and documentation to support the request:

(1) The name and address of each medical provider who
provided crime-related treatment as identified on any bills
or invoices received for such treatment;

(2) A completed Insurance and Collateral Financial Source
form as described in Jus 604.03;

(3) A completed Insurance and Other Collateral Financial
Source Information for Vehicle Crimes form as described in
Jus 604.04, if the claim involves a vehicle crime;

(4) An authorization for the release of medical and related
billing information that complies with all applicable federal
requirements for each provider;

(5) Documentation of denial of free or reduced fee hospital
care, if the victim did not have health insurance at the time
of treatment of the injuries sustained as a direct result of
the crime; and

(6) Proof of all out-of-pocket health care expenses incurred
by or on behalf of the victim and which were incurred as a
direct result of the crime.

(c) Once the unit has received the information and
documentation required pursuant to (b) above, the unit shall
contact the appropriate providers to obtain the following
directly from such providers:

(1) A treating physician's report that describes the
injuries sustained as a direct result of the crime;

(2) An itemized list of all medical costs incurred for treatment of the injuries sustained as a direct result of the crime; and

(3) Proof of payment of hospital costs made by or on behalf of the victim.

(d) The following kinds of expenses shall be eligible for compensation under the category of medical expenses:

(1) The actual cost of reasonable and necessary medical treatment provided by licensed health-care personnel, after first applying any available insurance or other available collateral financial source;

(2) The portion of the cost of all prescription medications prescribed to treat the victim's physical injuries but excluding prescriptions for mental health, which shall be payable under eligible mental health expenses;

(3) The cost of reasonable and necessary physical assistance equipment, including modifications to buildings such as ramps;

(4) Replacement of lost or badly damaged existing physically assistive devices such as:

a. Hearing aids;

b. Dentures;

c. Prosthetic and other devices;

d. Wheelchairs; and

e. Prescription eyeglasses and other corrective lenses, including contact lenses;

(5) Mileage to and from appointments with licensed health care providers, at the rate used to compensate mileage of state employees in effect at the time the award is made;

(6) Hospital expenses paid by or on behalf of the victim; and

(7) All other directly crime-related medical expenses incurred, including out-of-pocket expenses.

(e) Awards for compensation of medical expenses shall be limited pursuant to the following:

(1) The commission shall not award compensation for medical treatment provided by health-care personnel who do not hold appropriate licensure for the kind of treatment provided;

(2) The commission shall not award compensation for hospital care if:

 a. The victim had health insurance at the time of treatment for injuries sustained as a direct result of the crime;

 b. Free or reduced fee care has not been denied by the hospital; and

 c. No payment by or on behalf of the victim has been made to the hospital;

(3) Notwithstanding (2) above, the commission shall award compensation for hospital care, but only to the extent that care was actually paid for out of pocket, if:

 a. The victim did not have health insurance at the time of treatment for injuries sustained as a direct result of the crime; and

 b. Free or reduced fee care has been denied by the hospital and payment by or on behalf of the victim has been made to the hospital, but only in the amount of the actual total payment made;

(4) The commission shall award compensation of no more than 75% of the total amount due for inpatient hospital care, with 100% of the out-of-pocket expenses being reimbursed first, and any remaining sum used for others' reimbursement.

(f) In circumstances in which a balance remains after applying insurance, other collateral financial sources, and compensation awards under this part, the unit shall contact the person or entity to whom the balance is owed and encourage that person or entity to write off such balance.

*Ex # 27*

Code of New Hampshire Rules
 ATTORNEY GENERAL, DEPARTMENT OF JUSTICE
 CHAPTER Jus 600 VICTIMS COMPENSATION
 PART Jus 605 CLAIM EVALUATION CRITERIA AND AWARDS LIMITS
----------------------------------------------------------------------------

Jus 605.04 Mental Health Expenses Awards.

  (a) The commission shall consider and evaluate requests for
compensation for mental health expenses if the underlying
facts of the claim meet the requirements of Jus 605.01 and
none of the circumstances resulting in ineligibility
described in Jus 605.02 applies.

  (b) A claimant submitting a request for compensation for
mental health expenses shall submit the following information
and documentation to support the request:

  (1) The name and address of each licensed mental health
provider who provided crime-related treatment as identified
on any bills or invoices received for such treatment;

  (2) A completed Insurance and Collateral Financial Source
form as described in Jus 604.03;

  (3) A completed Insurance and Other Collateral Financial
Source Information for Vehicle Crimes form as described in
Jus 604.04, if the claim involves a vehicle crime; and

  (4) An authorization for the release of mental health and
related billing information that complies with all applicable
federal requirements for each provider.

  (c) Once the unit has received the information and
documentation required pursuant to (b) above, unit shall:

  (1) Contact the licensed mental health care provider to
request a copy of the mental health treatment plan submitted
by the licensed mental health professional to the victim's
insurance carrier, or if the victim does not have insurance,
the licensed metal health provider-completed Initial
Assessment and Treatment Plan;

  (2) Contact the licensed health care provider to request a
copy of the mental health medication treatment plan created
by a health care provider licensed to prescribe medication;

  (3) Contact the appropriate licensing body to verify that
the treating mental health care provider is in fact licensed
in the jurisdiction in which mental health treatment has

been, is being, or will be provided; and

  (4) Contact the licensed mental health care provider to request a copy of each bill or invoice itemizing all charges for mental health services, including for medications and medication management, the payment for which the victim is responsible.

  (d) The following kinds of expenses shall be eligible for compensation under the category of mental health expenses:

  (1) The actual cost of treatment, whether individual, group, or both, provided by licensed mental health personnel, after first applying any available insurance or other available collateral financial source, for mental health issues that were directly caused by the crime;

  (2) The portion of the cost for which the claimant is responsible, including co-pays, of all prescription medications prescribed to treat the victim's mental health issues that were directly caused by the crime;

  (3) The portion of the cost for which the claimant is responsible, including co-pays, of the actual amount billed for medication management services if the amount billed is consistent with usual and customary charges for such services in that geographical area;

  (4) Mileage to and from appointments with licensed mental health care providers, at the rate used to compensate mileage of state employees in effect at the time the award is made; and

  (5) All other directly crime-related mental health expenses incurred, including out-of-pocket expenses not already described above.

  (e) Awards for compensation of mental health expenses shall be limited pursuant to the following:

  (1) The commission shall not award compensation for mental health treatment or services provided by mental health personnel who do not hold appropriate licensure for the kind of treatment provided;

  (2) The commission shall award compensation not to exceed $3,000, per episode of care, for all actual mental health expenses, excluding for medication management pursuant to (3) below, incurred for the period commencing on the date that the treatment plan is signed by the licensed provider until

the earlier of the date of termination of treatment under the plan, or the passing of one year;

(3) The commission shall award compensation not to exceed $1,000 for all medication management services provided, at the rate actually billed by the provider licensed to provide such services provided that it is consistent with usual and customary charges for such services in that geographical area;

(4) The commission shall award compensation that does not exceed the portion of the cost of each individual therapy session for which the victim is responsible, limited to the lesser of:

a. The Medicaid reimbursement rate applicable to the licensed provider; or

b. The amount billed by the licensed provider; and

(5) The commission shall award compensation that does not exceed the portion of the cost of each group therapy session for which the victim is responsible, limited to the lesser of:

a. The Medicaid reimbursement rate applicable to the licensed provider; or

b. The amount billed by the licensed provider.

(f) In circumstances in which a balance remains after applying insurance, other collateral financial sources, and compensation awards under this part, the commission shall contact the licensed mental health care provider to whom the balance is owed and encourage that provider to write off such balance.

## Affidavit of Truth

<u>To</u>: Clerk of Court, United States District Court Distict of New Hampshire

    I Tony Ellison  , Sui Juris, a de jure Preamble Sovereign Inhabitant of the state of New Hampshire Republic,  Hereby does file this Formal Complaint. I am not Pro se,  I am under the status of Sui Juris - ["Of one's own Right; Indpendant"] 1. Of full age and capacity. 2. Possessing full social and civil rights. Ref. Black's Law Dictionary 5th Ed.. For this Office individually and collectively, with dishonor and disrespect by addressing me in your court documents as Pro se.  This will be considered defamation of Character by dishonorable action.  I demand the same respect that your office requires. My demand that you cease and desist this action in addressing me as Pro se, and demand the respect to be addressed as Sui Juris as I have filed.  As you know for any Court to individually and collectively pursuant to my guarantee to  receive justice without having to purchase it.  As such this office and its Officials have taken oaths of Office pursuant to the New Hampshire Republic Bill of Rights Part Second Article 84 Oath of Civil Officers, and as such your duty to execute your office to protect and serve the Bill of Rights and the united States Constitution.  By such it's your duty to enforce the rights of all Sovereign Inhabitants in accordance with the New Hampshire Republic Bill of Rights Part First Article Eight, and pursuant do your duties you are my mere agent and substitute and at all times accountable to me. The Justice I am seeking, is that to be understood as a God given flesh and blood Human Being.  Not to be referred to in your Court documents as a corporate fiction.  I am not a corporate fiction or a creation by government. I am a Human Being by the construction rights who only complete performance required by the Constitution of the state of New Hampshire Republic.  I am not pursuant to comply to any Court rules or regulations created by the Court for the Administration of Court employees and members of the Bar.  Only the New Hampshire legislation has been delegated Constitutional authority to require my complete performance.  The Constitution do not delegate the Judicial Branch of government any authority to establish rules and regulations for the Human Beings.  I demand that your Office instruct all of its employees who are my substitutes and agents, pursuant to Article Eight of the New Hampshire Bill of Rights Part First.  I am Human Being as **Sui Juris** and not a commercial reference used by your office and Court as Pro se.

    Silence will be deemed acceptance of this Affidavit if not rebutted point for point within thirty-days.  I am a human being with Constitutional Rights and my political status is Sui Juris.  No government entity has been delegated any Constitutional Authority to change my status from Sui Juris, to Pro se or any other fiction.  Therefore this must be dismissed as an nullity in valued for purchase.

Respectfully Submitted

"WITHOUT PREJUDICE UCC 1-103, UCC 1-308"

I Tony Ellison  , Sui Juris, A de jure Preamble Sovereign Inhabitant signed this Affidavit of Truth, that the facts stated are true to the best of my knowledge and belief.

Date ___8/6/10___          Notary _Becky A. Harding_

State of New Hampshire County _Merrimack_ Commission expires _12/21/2010_

UNITED STATES DISTRICT COURT

for the DISTRICT OF NEW HAMPSHIRE

55 Pleasant Street, Room 110

Concord, N.H. 03301-3941

U.S. DISTRICT COURT
DISTRICT OF N.H.
FILED

2010 AUG 11  A 10: 32

Tony L. Ellison, Sui Juris

N.H.S.P. #74882

P.O. Box 14

Concord, N.H. 03302-0014

1: 10-cv-351-SM

Re: Constitutional Tort Under The Color of Law

   Pleadings of Civil and Criminal Against State Officials

Dear Clerk of Court,

    The Petitioner, Tony L. Ellison, humbly requests that this
honorable Court accept this Constitutional Tort. Filed under
42 U.S.C.§ 1983, 42 U.S.C. § 1985, 42 U.S.C. § 1986, and 42
U.S.C. § 1988. To be heard by demand within a Jury trial in
a Constitutional Court of Law.

    I wish to thank you. Please write if you have any further
questions. May God Bless you.

                              Sincerly Yours,

                              Tony L. Ellison, Sui Juris

                              "Without Prejudice", UCC 1-103,

                              UCC 1-207, UCC 1-308